■ DEBRA BLOOMFIELD, Individually and as Mother and Natural Guardian of CATARINA BLOOMFIELD, an Infant, et al., Appellants-Respondents, v JERICHO UNION FREE SCHOOL DISTRICT, Respondent-Appellant. [915 NYS2d 294]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Phelan, J.), dated August 10, 2009, as granted that branch of the defendant's motion which was for summary judgment dismissing so much of the complaint as asserted a cause of action to recover damages based upon negligent supervision, and the defendant cross-appeals, as limited by its brief, from so much of the same order as denied that branch of its motion which was for summary

judgment dismissing so much of the complaint as asserted a cause of action to recover damages based upon premises liability.

Ordered that the order is reversed insofar as appealed from, on the law, and that branch of the defendant's motion which was for summary judgment dismissing so much of the complaint as asserted a cause of action to recover damages based upon negligent supervision is denied; and it is further,

Ordered that the order is affirmed insofar as cross-appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs.

The infant plaintiff allegedly sustained personal injuries as she attempted to step down from one of the mats used in the sport of high jump during her gym class. The gym class was being covered by a substitute teacher who took the class outside to a football field surrounded by a track. The substitute teacher gave the students the option of walking around the track or playing touch football. Most of the students opted to play touch football at one end of the football field. However, the infant plaintiff and three of her friends opted to walk around the track. After walking one lap around the track, the infant plaintiff and her friends approached the substitute teacher and asked if they could go on mats at the other end of the football field. The substitute teacher said yes, but did not give the infant plaintiff or her friends any warnings or instructions about the mats.

The infant plaintiff ascended one of the mats from the side facing the football field. She walked towards the opposite side of the mat, and as she neared the edge of the mat, her foot became caught in a hole or tear in the mat. As the infant plaintiff attempted to untangle her foot, she fell to the ground. The substitute teacher was "half the football field" away from the infant plaintiff when the accident occurred.

The Supreme Court properly denied that branch of the defendant's motion which was for summary judgment dismissing so much of the complaint as asserted a cause of action to recover damages based upon premises liability (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]). A defendant who moves for summary judgment in a premises liability case has the initial burden of making a prima facie showing that it neither created the hazardous condition nor had actual or constructive notice of its existence for a sufficient length of time to discover and remedy it (*see Aguirre v Paul*, 54 AD3d 302 [2008]; *Lezama v 34-15 Parsons Blvd, LLC*, 16 AD3d 560 [2005]). Although a property owner has a duty to maintain his or her property in a reasonably safe condition (*see Basso v Miller*, 40 NY2d 233 [1976]), it has no duty to protect or warn against

an open and obvious condition which, as a matter of law, is not inherently dangerous (*see Cupo v Karfunkel*, 1 AD3d 48 [2003]).

Here, the defendant failed to establish, prima facie, that it did not have notice of the tear in the mat which proximately caused the infant plaintiff to fall. A jury could reasonably infer from the photographs in the record that the condition existed for a sufficient period of time for it to have been discovered and remedied by the defendant in the exercise of reasonable care (*see Gordon v American Museum of Natural History*, 67 NY2d 836 [1986]; *Salvia v Hauppauge Rte. 111 Assoc.*, 47 AD3d 791 [2008]).

The defendants also failed to establish, prima facie, that the tear in the mat was open and obvious under the circumstances (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]). "The issue of whether a dangerous condition is open and obvious is fact-specific, and usually a question for a jury" (*Shah v Mercy Med. Ctr.*, 71 AD3d 1120 [2010]). "A condition that is ordinarily apparent to a person making reasonable use of his or her senses may be rendered a trap for the unwary where the condition is obscured or the plaintiff is distracted" (*id.; see Villano v Strathmore Terrace Homeowners Assn., Inc.*, 76 AD3d 1061, 1061-1062 [2010]). Further, under the circumstances presented here, it cannot be said as a matter of law that the tear in the mat was not inherently dangerous (*see Aguirre v Paul*, 54 AD3d 302 [2008]; *Ferber v Treeline Garden City Plaza, LLC*, 16 AD3d 453 [2005]; *Massucci v Amoco Oil Co.*, 292 AD2d 351 [2002]).

The Supreme Court should have denied that branch of the defendant's motion which was for summary judgment dismissing so much of the complaint as asserted a cause of action to recover damages based upon negligent supervision. The defendant failed to establish, prima facie, that it adequately supervised the infant plaintiff or that its alleged negligent supervision was not a proximate cause of the accident (*see Mirand v City of New York*, 84 NY2d 44 [1994]). Since the defendant failed to meet its burden as the movant, the burden never shifted to the plaintiffs to submit evidence sufficient to raise a triable issue of fact (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]). Covello, J.P., Eng, Chambers and Hall, JJ., concur.