■ NICHOLAS DOXTADER et al., Respondents, v MIDDLE COUNTRY CENTRAL SCHOOL DISTRICT AT CENTEREACH, Appellant. [916 NYS2d 215]—

In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Suffolk County (Pitts, J.), entered February 25, 2010, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

On April 22, 2005, a few days before his seventh birthday, the infant plaintiff (hereinafter the plaintiff), a first-grade student at the Holbrook Road Elementary School, allegedly was injured when, upon sliding down a pole on the school playground during recess, he landed on another student. This action was commenced, inter alia, on his behalf, alleging that the defendant provided negligent supervision on the playground and that its negligence proximately caused the plaintiff's injuries.

Discovery revealed that, at the time of the incident, three teaching assistants were supervising the playground. One of the assistants testified that, just before the incident, she saw the plaintiff at the top of the pole and told him to slide, rather than to jump, down. She also testified that she was aware that another student was at the bottom of the pole.

After discovery was completed, the defendant moved for summary judgment dismissing the complaint, asserting that it was not negligent and that, even if it was, any negligence on its part was not the proximate cause of the plaintiff's injuries. The Supreme Court denied the motion, holding that the defendant failed to establish prima facie its entitlement to judgment as a matter of law, and the defendant appeals.

Although schools are not insurers of the safety of their

students, they have the duty to adequately supervise them and may be held liable when students sustain foreseeable injuries proximately related to the school's breach of its duty (*see* *Mirand v City of New York*, 84 NY2d 44, 49 [1994]; *Harris v Five Point Mission—Camp Olmstedt*, 73 AD3d 1127, 1128 [2010]). Here, the defendant failed to establish its prima facie entitlement to judgment as a matter of law, because the evidence the defendant submitted in support of its motion demonstrates the existence of triable issues of fact as to whether it was negligent and, if so, whether that negligence was a proximate cause of the plaintiff's injuries. Consequently, the Supreme Court properly denied the defendant's motion (*see* *Oliverio v Lawrence Pub. Schools*, 23 AD3d 633, 634-635 [2005]). Skelos, J.P., Covello, Balkin and Austin, JJ., concur.