■ KRISTOFER LLAUGER, an Infant, by His Mother and Natural Guardian, LUCY MORALES, et al., Respondents, v ARCHDIOCESE OF NEW YORK et al., Appellants. (And a Third-Party Action.) [920 NYS2d 45]—

"Schools are under a duty to adequately supervise the students in their charge and they will be held liable for foreseeable injuries proximately related to the absence of adequate supervision" (*Mirand v City of New York*, 84 NY2d 44, 49 [1994]). Here, dismissal of the complaint was not warranted since the record presents triable issues of fact including whether defendants were negligent in allowing the gym class, which was comprised of approximately 35 students, to take place while the voting machines were present. The gym teacher testified that the students were instructed to run laps around the gymnasium; that he advised the students to be careful of the voting machines; and that plaintiff's fall into the voting machine was the end result of several students tripping over one another. Accordingly, viewing the evidence in the light most favorable to plaintiffs (*see e.g. Branham v Loews Orpheum Cinemas, Inc.*, 8 NY3d 931, 932 [2007]), it cannot be said, as a matter of law, that the subject accident was not foreseeable.

We have considered defendants' remaining arguments and find them unavailing. Concur—Tom, J.P., Sweeny, Catterson, Acosta and Manzanet-Daniels, JJ.