■ JOSE HERNANDEZ, an Infant by and Through his Mother and Natural Guardian, LAURA HERNANDEZ, et al., Respondents, v MIDDLE COUNTRY CENTRAL SCHOOL DISTRICT, Appellant. [920 NYS2d 671]—

In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Suffolk County (Jones, Jr., J.), dated March 9, 2010, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

A school has a duty to exercise the same degree of care toward its students as would a reasonably prudent parent (*see Mirand v City of New York*, 84 NY2d 44, 49 [1994]). A school, however, is not an insurer of its students' safety and will be held liable only for foreseeable injuries proximately related to the absence of adequate supervision (*see Paragas v Comsewogue Union Free School Dist.*, 65 AD3d 1111 [2009]; *Paca v City of New York*, 51 AD3d 991, 992 [2008]). Here, the defendant failed to submit evidence sufficient to establish, prima facie, that it properly supervised the infant plaintiff or that its alleged negligent supervision of the infant plaintiff was not a proximate cause of his injuries (*see generally Armellino v Thomase*, 72 AD3d 849 [2010]; *Rivera v Board of Educ. of City of Yonkers*, 19 AD3d 394 [2005]). Accordingly, the Supreme Court properly denied the defendant's motion for summary judgment dismissing the complaint, regardless of the sufficiency of the plaintiffs' opposition papers (*see Zuckerman v City of New York*, 49 NY2d 557 [1980]). Mastro, J.P., Dillon, Balkin and Miller, JJ., concur. **[Prior Case History: 2010 NY Slip Op 30508(U).]**