■ ALEXANDER RODRIGUEZ et al., Respondents, v RIVERHEAD CENTRAL SCHOOL DISTRICT, Appellant. [926 NYS2d 149]—

In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Suffolk County (Rebolini, J.), dated July 21, 2010, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

On June 3, 2008, the infant plaintiff, then a fourth-grade student at Aquebogue Elementary School, allegedly was injured in the school's cafeteria during regular school hours while rehearsing a break dancing routine for an upcoming school concert. The infant plaintiff, by his mother, and his mother, individually, commenced this action against the defendant to recover, among other things, damages for personal injuries allegedly sustained by the infant plaintiff. The defendant moved for summary judgment dismissing the complaint, asserting that it had adequately supervised the infant plaintiff at the time of the incident and, in any event, that any negligence on its part was not a proximate cause of his injuries. The Supreme Court denied the motion, and we affirm.

A school has a duty to exercise the same degree of care toward its students as would a reasonably prudent parent (*see Mirand v City of New York*, 84 NY2d 44, 49 [1994]; *Hernandez v Middle Country Cent. School Dist.*, 83 AD3d 781 [2011]). A school, however, is not an insurer of its students' safety and will be held liable only for foreseeable injuries proximately related to the absence of adequate supervision (*see Paragas v Comsewogue Union Free School Dist.*, 65 AD3d 1111 [2009]; *Paca v City of New York*, 51 AD3d 991, 992 [2008]). Here, the defendant failed to submit evidence sufficient to establish, prima facie, that it properly supervised the infant plaintiff or that its alleged negligent supervision was not a proximate cause of his injuries (*see Hernandez v Middle Country Cent. School Dist.*, 83 AD3d at 781; *Doxtader v Middle Country Cent. School Dist. at Centereach*, 81 AD3d 685, 686 [2011]; *Bloomfield v Jericho Union Free*

*School Dist.*, 80 AD3d 637, 639 [2011]). Accordingly, the Supreme Court properly denied the defendant's motion for summary judgment dismissing the complaint, regardless of the sufficiency of the plaintiffs' opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Dillon, J.P., Covello, Chambers and Roman, JJ., concur.