■ LILIAN PEDROZA, Individually and as Mother and Natural Guardian of JOSE BONILLA, an Infant, Appellant, v CITY OF NEW YORK et al., Respondent. [937 NYS2d 582]—

Defendants established entitlement to judgment as a matter of law, in this action where plaintiff's son, a 10th-grade student, was injured after he lost his balance and fell while attempting to perform a martial-art maneuver during a physical education self-defense class at his school. His own testimony as to how the accident occurred demonstrates that no additional supervision could have prevented his injury (*see Esponda v City of New York*, 62 AD3d 458, 460 [2009]; *McCollin v Roman Catholic Archdiocese of N.Y.*, 45 AD3d 478, 479 [2007]; *compare Llauger v Archdiocese of N.Y.*, 82 AD3d 656 [2011]).

In opposition, plaintiff failed to raise a triable issue of fact as to whether defendants failed to exercise the care "as a parent of ordinary prudence would observe in comparable circumstances" (*Mirand v City of New York*, 84 NY2d 44, 49 [1994] [internal quotation marks omitted]). Moreover, plaintiff did not submit evidence indicating that defendants violated a statute, regulation, or mandatory guideline stating that floor mats or bare feet were necessary during the practice of the martial art being performed by students (*see Scarito v St. Joseph Hill Academy*, 62 AD3d 773, 775 [2009]; *Capotosto v Roman Catholic Diocese of Rockville Ctr.*, 2 AD3d 384, 386 [2003]). Concur—Gonzalez, P.J., Saxe, Moskowitz, Acosta and Freedman, JJ.