■ NANCY ANN O. et al., Appellants, v POUGHKEEPSIE CITY SCHOOL DISTRICT, Respondent. [944 NYS2d 251]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from (1) a decision of the Supreme Court, Dutchess County (Wood, J.), dated December 1, 2010, and (2) an order of the same court dated December 29, 2010, which, upon the decision, granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision (*see Schicchi v J.A. Green Constr. Corp.*, 100 AD2d 509 [1984]); and it is further,

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.

The infant plaintiff, a developmentally challenged 13-year-old in the eighth grade, alleged that she was sexually assaulted by a fellow developmentally challenged student while the two students were walking from their regular classroom on the first floor of Poughkeepsie Middle School to a speech therapy class held on the second floor. The infant plaintiff, by her mother, and her mother, derivatively, commenced this action against Poughkeepsie City School District to recover damages for personal injuries, alleging, inter alia, negligent supervision. The defendant moved for summary judgment dismissing the complaint. The Supreme Court granted the motion. The plaintiffs appeal, and we reverse.

A school has a duty to exercise the same degree of care toward its students as would a reasonably prudent parent (*see Mirand v City of New York*, 84 NY2d 44, 49 [1994]; *Rodriguez v Riverhead Cent. School Dist.*, 85 AD3d 1147 [2011]). While schools are not insurers of the safety of their students, they do, however, have the duty to adequately supervise them and may be held liable when a student sustains foreseeable injuries proximately related to the absence of adequate supervision (*see Mirand v City of New York*, 84 NY2d at 49; *Doxtader v Middle Country Cent. School Dist. at Centereach*, 81 AD3d 685, 686 [2011]). Here, the defendant failed to submit evidence sufficient to establish, prima facie, that it properly supervised the infant plaintiff or that its alleged negligent supervision was not a proximate cause of her injuries (*see Rodriguez v Riverhead Cent. School Dist.*, 85 AD3d at 1147; *Hernandez v Middle Country Cent. School Dist.*, 83 AD3d 781, 781 [2011]). Indeed, the evidence submitted by the defendant in support of its motion, including the transcript of the deposition testimony of the plaintiff mother, reveals the existence of triable issues of fact. Since the defendant failed to meet its burden, the burden did not shift to the plaintiffs, and the sufficiency of the plaintiffs' opposition papers need not have been considered (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Accordingly, the Supreme Court improperly granted the defendant's motion (*see Bloomfield v Jericho Union Free School Dist.*, 80 AD3d 637 [2011]; *cf. Doxtader v Middle Country Cent. School Dist. at Centereach*, 81 AD3d at 686). Dillon, J.P., Angiolillo, Florio and Cohen, JJ., concur.