The infant plaintiff, who was then a fourth-grade student at Graham Elementary School in the Mount Vernon City School District, was in a physical education class participating in a “fitness stations” exercise on the day she allegedly sustained an injury. According to the physical education teacher’s deposition testimony, the teacher had set up six to seven activities spread out throughout the school’s gymnasium, whereby all the activities would be occurring simultaneously. The teacher stated, in pertinent part, that two such activities, to wit, rope climbing *562 and “balance board,” were activities that required more supervision than the others. According to the infant plaintiff’s testimony, she was injured when she fell from the balance board and hurt her ankle. The infant plaintiff and her mother commenced this action alleging, inter alia, negligent supervision by the defendant. The mother also asserted a derivative claim.
“A school has a duty to exercise the same degree of care toward its students as would a reasonably prudent parent” (Rodriguez v Riverhead Cent. School Dist., 85 AD3d 1147, 1147 [2011]; see Mirand v City of New York, 84 NY2d 44, 49 [1994]). “A school, however, is not an insurer of its students’ safety and will be held liable only for foreseeable injuries proximately related to the absence of adequate supervision” (Rodriguez v Riverhead Cent. School Dist., 85 AD3d at 1147; see Mirand v City of New York, 84 NY2d at 49; Nash v Port Wash. Union Free School Dist., 83 AD3d 136, 146 [2011]).
Here, as the Supreme Court properly determined, the defendant failed to submit evidence sufficient to establish, prima facie, that it properly supervised the infant plaintiff or that its alleged negligent supervision was not a proximate cause of her injuries. Specifically, the defendant’s physical education teacher, who had been providing supervision that day, testified at his deposition that the balance board activity was one that required more supervision than other activities, yet he failed to provide proof that he actually provided heightened supervision. Additionally, there was proof that the infant plaintiff struggled to maintain her balance on the balance board and fell twice before the event allegedly causing her injury. Further, the physical education teacher only became aware of the infant plaintiffs injury upon being notified by one of her fellow students, thus raising an inference that there was no heightened supervision of balance board activity. Accordingly, the Supreme Court properly denied the defendant’s motion for summary judgment dismissing the complaint (see Hernandez v Middle Country Cent. School Dist., 83 AD3d 781 [2011]; Bloomfield v Jericho Union Free School Dist., 80 AD3d 637, 639 [2011]; Armellino v Thomase, 72 AD3d 849 [2010]), without having to consider the plaintiffs’ opposition papers. Skelos, J.P., Florio, Lott and Miller, JJ., concur.