■ Alexa Maneri, an Infant, by Her Father and Natural Guardian, Anthony Maneri, et al., Respondents, v Patchogue-Medford Union Free School District et al., Appellants. [996 NYS2d 64]—

In an action to recover damages for personal injuries, etc., the defendants appeal, as limited by their brief, from so much of an

order of the Supreme Court, Suffolk County (LaSalle, J.), dated September 30, 2013, as denied their motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiffs commenced this action against the defendants after the infant plaintiff allegedly sustained a cracked and broken tooth while she was an eighth grade student at Oregon Middle School in Medford. The plaintiffs allege that the injury occurred at the conclusion of the injured plaintiff's physical education class on October 1, 2010, when, as her classmates attempted to enter the girls' locker room, she was inadvertently pushed into the locker room door by the students behind her because the door was locked. The defendant Theresa A. Breen, a physical education teacher at the school, had locked the door at the beginning of class to prevent any unauthorized entry into the locker room, but had not unlocked it prior to the occurrence. After the completion of discovery, the defendants moved for summary judgment dismissing the complaint. The Supreme Court denied the motion.

"Schools are under a duty to adequately supervise the students in their charge and they will be held liable for foreseeable injuries proximately related to the absence of adequate supervision" (*Mirand v City of New York*, 84 NY2d 44, 49 [1994]; *see Gomez v Our Lady of Fatima Church*, 117 AD3d 987 [2014]; *Nancy Ann O. v Poughkeepsie City School Dist.*, 95 AD3d 972, 973 [2012]). While schools are not insurers of student safety, they have a duty to exercise the same degree of care toward their students as would a reasonably prudent parent under comparable circumstances (*see Mirand v City of New York*, 84 NY2d at 49; *Anastasiya M. v New York City Bd. of Educ.*, 112 AD3d 585 [2013]; *Hernandez v Middle Country Cent. School Dist.*, 83 AD3d 781 [2011]). Here, the evidence submitted by the defendants, which included the deposition testimony of the infant plaintiff and Breen, was insufficient to establish, prima facie, that they properly supervised the infant plaintiff and her physical education class or that their alleged negligent supervision was not a proximate cause of the infant plaintiff's injuries (*see Rodriguez v Riverhead Cent. School Dist.*, 85 AD3d 1147 [2011]; *Hernandez v Middle Country Cent. School Dist.*, 83 AD3d 781 [2011]; *Llauger v Archdiocese of N.Y.*, 82 AD3d 656 [2011]). In addition, the defendants' evidence was insufficient to establish that the locked door of the girls' locker room was open and obvious and not inherently dangerous under the circumstances (*see Surujnaraine v Valley Stream Cent. High School Dist.*, 88

AD3d 866, 867 [2011]; *cf. Donnelly v St. Agnes Cathedral Sch.*, 106 AD3d 773 [2013]). "Whether a hazard is open and obvious cannot be divorced from the surrounding circumstances," as the condition may be rendered a trap where it is obscured or the plaintiff is distracted (*Pellegrino v Trapasso*, 114 AD3d 917, 918 [2014]).

The defendants' remaining contentions are without merit.

Accordingly, the Supreme Court properly denied the defendants' motion for summary judgment dismissing the complaint, regardless of the sufficiency of the plaintiffs' opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Hernandez v Middle Country Cent. School Dist.*, 83 AD3d 781 [2011]). Dillon, J.P., Hall, Austin and Barros, JJ., concur.