■ J.M., an Infant, by His Mother and Natural Guardian, D.M., et al., Respondents, v NORTH BABYLON UNION FREE SCHOOL DISTRICT, Appellant. [42 NYS3d 860]—

In an action, inter alia, to recover damages for negligent supervision, etc., the defendant appeals from an order of the Supreme Court, Suffolk County (Hudson, J.), dated May 5, 2016, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff J.M. (hereinafter the infant plaintiff) allegedly was injured when he fell onto the surface of a suspension bridge, which was part of a playground apparatus, in the playground at the Woods Road Elementary School (hereinafter the school) in North Babylon. The school was under the control of the defendant, and the infant plaintiff allegedly fell as a result of students jumping up and down on the surface of the bridge. At the time of the accident, the infant plaintiff was enrolled in a 10-day, pre-K program at the school. The infant plaintiff, by his mother, the plaintiff D.M., and his mother individually (hereinafter together the plaintiffs), subsequently commenced this action against the defendant alleging, inter alia, negligent supervision.

Viewing the evidence in the light most favorable to the plaintiffs, the defendant, in support of its motion for summary judgment dismissing the complaint, failed to submit evidence sufficient to establish, prima facie, that it properly supervised the infant plaintiff or that its alleged negligent supervision was not a proximate cause of his injuries (*see Mirand v City of New York*, 84 NY2d 44 [1994]; *Nancy Ann O. v Poughkeepsie City School Dist.*, 95 AD3d 972 [2012]; *Rodriguez v Riverhead Cent. School Dist.*, 85 AD3d 1147 [2011]; *Hernandez v Middle Country Cent. School Dist.*, 83 AD3d 781 [2011]; *see also Vonungern v Morris Cent. School*, 240 AD2d 926 [1997]). Ac-

cordingly, the Supreme Court properly denied the defendant's motion for summary judgment dismissing the complaint, regardless of the sufficiency of the plaintiffs' opposition papers (*see Zuckerman v City of New York*, 49 NY2d 557 [1980]). Leventhal, J.P., Cohen, Miller and Connolly, JJ., concur.