M.R. v Nastics Next Generation, Inc. (2022 NY Slip Op 05342)

M.R. v Nastics Next Generation, Inc.

2022 NY Slip Op 05342

Decided on September 28, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 28, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
SHERI S. ROMAN
LINDA CHRISTOPHER
WILLIAM G. FORD, JJ.

2020-04025
 (Index No. 607034/18)

[*1]M.R., etc., et al., respondents, 
v
Nastics Next Generation, Inc., et al., appellants.

Steven F. Goldstein, LLP, Carle Place, NY (Kiera M. Guzzo of counsel), for appellant Nastics Next Generation, Inc.
Zlotolow & Associates, P.C., Melville, NY (Jason Firestein of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Suffolk County (Fernando Camacho, J.), dated May 4, 2020. The order denied the motion of the defendant Nastics Next Generation, Inc., for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the appeal by the defendant Nastics, Inc., is dismissed, as that defendant is not aggrieved by the order appealed from (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144, 156-157); and it is further,
ORDERED that the order is affirmed on the appeal by the defendant Nastics Next Generation, Inc.; and it is further,
ORDERED that one bill of costs is awarded to the plaintiffs payable by the defendant Nastics Next Generation, Inc.
In May 2017, the infant plaintiff allegedly sustained injuries when she fell from a balance beam at the defendants' gymnastics facility. At the time of the accident, the infant plaintiff was approximately 3½ years old. The infant plaintiff, by her mother and natural guardian, and her mother suing derivatively, commenced this action against the defendants, alleging, inter alia, that the defendants were negligent in their supervision of the infant plaintiff. After discovery, the defendant Nastics Next Generation, Inc. (hereinafter Next Generation), moved for summary judgment dismissing the complaint insofar as asserted against it. The Supreme Court denied the motion. Next Generation appeals.
When considering the evidence submitted in support of Next Generation's motion in the light most favorable to the plaintiffs, as the nonmoving parties (see J.M. v North Babylon Union Free Sch. Dist., 145 AD3d 978, 978), Next Generation failed to establish, prima facie, that its supervision of the infant plaintiff was adequate or that any lack of supervision was not a proximate cause of the infant plaintiff's injuries (see Morace v Commack N. Baseball Clubs, Inc., 181 AD3d 672, 674; A.D.G. v Children's Ark Daycare Ctr., Inc., 174 AD3d 861, 862; J.M. v North [*2]Babylon Union Free Sch. Dist., 145 AD3d at 978; see also Talyanna S. v Mount Vernon City Sch. Dist., 97 AD3d 561, 562). Moreover, contrary to Next Generation's contention, the evidence proffered in support of its motion, which included transcripts of the deposition testimony of the infant plaintiff's mother and of the instructor who supervised the balance beam station during the infant plaintiff's class at the time of the accident, did not establish, prima facie, that the accident occurred in so short a span of time that even the most intense supervision could not have prevented it (see SM v Plainedge Union Free Sch. Dist., 162 AD3d 814, 817; DiGiacomo v Town of Babylon, 124 AD3d 828, 829; cf. Cohen v Half Hollow Hills Cent. Sch. Dist., 123 AD3d 1081, 1082).
Next Generation also failed to establish its prima facie entitlement to judgment as a matter of law based upon the doctrine of assumption of risk. The "doctrine applies where a consenting participant in sporting and amusement activities 'is aware of the risks; has an appreciation of the nature of the risks; and voluntarily assumes the risks'" (Bukowski v Clarkson Univ., 19 NY3d 353, 356, quoting Morgan v State of New York, 90 NY2d 471, 484). "If the risks of the activity are fully comprehended or perfectly obvious, plaintiff has consented to them and defendant has performed its duty" (Bukowski v Clarkson Univ., 19 NY3d at 356 [internal quotation marks omitted]). Risks which are "commonly encountered" or "inherent" in a sport, as well as risks "involving less than optimal conditions," are risks which participants have accepted and are encompassed by the assumption of risk doctrine (id. [internal quotation marks omitted]; see Bryant v Town of Brookhaven, 135 AD3d 801, 802). "It is not necessary . . . that the injured plaintiff have foreseen the exact manner in which his or her injury occurred, so long as he or she is aware of the potential for injury of the mechanism from which the injury results" (Siegel v Albertus Magnus High Sch., 153 AD3d 572, 574 [internal quotation marks omitted]). Awareness of risk is to be assessed against the background of the skill and experience of the particular plaintiff (see Morgan v State of New York, 90 NY2d at 486; Zhou v Tuxedo Ridge, LLC, 180 AD3d 960, 962-963; Bryant v Town of Brookhaven, 135 AD3d at 802).
Here, "the infant plaintiff, being only [approximately 3½ ] years old at the time of the incident, was incapable as a matter of law of being held responsible for [her] actions" (Smith v Sapienza, 115 AD2d 723, 724; see Verni v Johnson, 295 NY 436, 437-438; Colarusso v Dunne, 286 AD2d 37, 38-40). Accordingly, the Supreme Court properly determined that the doctrine of assumption of risk was inapplicable as a matter of law to the approximately 3½- year-old infant plaintiff (see Verni v Johnson, 295 NY at 437-438; Colarusso v Dunne, 286 AD2d at 38-40; Smith v Sapienza, 115 AD2d at 724).
Since Next Generation failed to establish its prima facie entitlement to judgment as a matter of law, the Supreme Court properly denied its motion for summary judgment dismissing the complaint insofar as asserted against it, regardless of the sufficiency of the plaintiffs' papers in opposition (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
CONNOLLY, J.P., ROMAN, CHRISTOPHER and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court