(June 29, 2004)

■ LARRY MAURIELLO, Appellant, v PORT AUTHORITY OF NEW YORK AND NEW JERSEY et al., Respondents. [779 NYS2d 199]—

Order, Supreme Court, New York County (Edward H. Lehner, J.), entered November 26, 2002, which granted defendants' motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, the motion denied and the complaint reinstated.

After picking up his suitcase at the baggage claim area at LaGuardia Airport on a Saturday afternoon, plaintiff tripped over a metal track about 10 inches high that was installed in the floor. The track is designed to hold luggage carts for rental by passengers and was under the operation and control of defendant Smarte Carte Corporation under contract with defendant Port Authority of New York and New Jersey. Following discovery, Supreme Court granted defendants' motion to dismiss the complaint on the ground that the alleged hazardous condition was open and apparent.

Whether an asserted hazard is open and obvious cannot be divorced from the surrounding circumstances. A condition that is ordinarily apparent to a person making reasonable use of his senses (*Tarricone v State of New York*, 175 AD2d 308, 309 [1991], *lv denied* 78 NY2d 862 [1991]) may be rendered a trap for the unwary where the condition is obscured by crowds or the plaintiff's attention is otherwise distracted (*see Sanchez v Toys "R" Us*, 303 AD2d 165 [2003] [fall over low 3-foot-by-4-foot rack two days before Christmas]; *Thornhill v Toys "R" Us NYTEX*, 183 AD2d 1071 [1992] [raised platform obscured by clothing rack and cart]; *De Conno v Golub Corp.*, 255 AD2d 734 [1998] [orange marker cone appearing suddenly to patron rounding corner]). Plaintiff contends that, at the time he fell, there were no carts in the track that would have alerted a passenger to the presence of the track beneath. His view was further obscured by crowds of people in the terminal. Under these circumstances, defendants have not demonstrated that an ob-

stacle measuring a mere 10 inches in height was open and obvious, nor have they resolved the distinct issue of whether they maintained the subject premises in reasonably safe condition (*see Tagle v Jakob*, 97 NY2d 165, 169 [2001]; *Centeno v Regine's Originals*, 5 AD3d 210 [2004]; *Westbrook v WR Activities-Cabrera Mkts.*, 5 AD3d 69, 71 [2004]). Concur—Buckley, P.J., Nardelli, Tom, Mazzarelli and Sullivan, JJ.