ANGELINA MAZZARELLI, Appellant, v 54 PLUS REALTY CORP. et al., Respondents. [864 NYS2d 554]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Baisley, J.), dated April 9, 2008, which granted the motion of the defendant 54 Plus Realty Corp. for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, and the motion of the defendant 54 Plus Realty Corp. for summary judgment dismissing the complaint insofar as asserted against it is denied.

The plaintiff's contention that the deposition transcript of the representative of the defendant 54 Plus Realty Corp. (hereinafter the defendant) was in inadmissible form and thus improperly considered by the motion court is without merit. Although the defendant did not submit the complete transcript with its original motion papers, the properly certified and executed signature page of the deposition transcript was submitted with its reply papers. The defendant demonstrated that it forwarded the original signed transcript to the plaintiff's attorney approximately three months prior to moving for summary judgment. Under these circumstances, the plaintiff was not prejudiced by the omission of the signature page from the original motion papers, which was properly disregarded by the Supreme Court (*see* CPLR 2001).

However, the plaintiff's contention that the court erred in awarding summary judgment to the defendant is correct since the evidence submitted by the defendant, including the disputed deposition transcript, was insufficient to establish, prima facie, the defendant's entitlement to judgment as a matter of law.

The issue of whether a dangerous condition is open and obvious is fact-specific, and usually a question for the jury (*see Ruiz v Hart Elm Corp.*, 44 AD3d 842 [2007]). Whether an asserted hazard is open and obvious cannot be divorced from the surrounding circumstances. A condition that is ordinarily apparent to a person making reasonable use of their senses may be rendered a trap for the unwary where the condition is obscured or the plaintiff is distracted (*see Mauriello v Port Auth. of N.Y. & N.J.*, 8 AD3d 200 [2004]). Under the circumstances of this case, there are issues of fact requiring the denial of summary judgment. Spolzino, J.P., Ritter, Santucci and Carni, JJ., concur.