■ SHASHI SHAH, Respondent, v MERCY MEDICAL CENTER et al., Appellants. [898 NYS2d 589]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Nassau County (Mahon, J.), entered May 7, 2009, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

On the morning of March 10, 2005, the plaintiff, a urologist, was performing a lithotripsy procedure on a patient at premises owned by the defendant Mercy Medical Center. Such a procedure uses shock waves to eliminate kidney stones. At some point in the procedure, the plaintiff found it necessary to view an X-ray film on an X-ray view box, located on the other side of the room from where he was performing the procedure, in order to ascertain the precise location of the patient's kidney stone. As the plaintiff walked across the room toward the X-ray view box, he tripped and fell over six cables which extended from an anesthesia machine to the ceiling of the room in such a way that they were stretched low to the floor and across the pathway taken by the plaintiff.

After joinder of issue, the defendants moved for summary judgment dismissing the complaint on the ground that the cables were open and obvious and not inherently dangerous. The issue of whether a dangerous condition is open and obvious is fact-specific, and usually a question for a jury (see Ruiz v Hart Elm Corp., 44 AD3d 842 [2007]). Whether an asserted hazard is open and obvious cannot be divorced from the surrounding circumstances. A condition that is ordinarily apparent to a person making reasonable use of his or her senses may be rendered a trap for the unwary where the condition is obscured or the plaintiff is distracted (see Mazzarelli v 54 Plus Realty Corp., 54 AD3d 1008, 1009 [2008]). The evidence submitted by the defendants, including, inter alia, the plaintiff's deposition testimony, was insufficient to establish, prima facie, the defendants' entitlement to judgment as a matter of law. Under these circumstances, it is not necessary to consider the sufficiency of the plaintiff's opposition papers (see Tchjevskaia v Chase, 15 AD3d 389 [2005]).

Accordingly, the Supreme Court properly denied the defendants' motion for summary judgment dismissing the complaint. Prudenti, P.J., Balkin, Leventhal and Austin, JJ., concur.