RICHARD STOPPELI et al., Appellants, v DONNA YACENDA, Respondent. [911 NYS2d 119]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Cohalan, J.), dated March 26, 2009, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.

The plaintiff Richard Stoppeli (hereinafter the plaintiff) went to the defendant's residence to remove construction debris from her backyard. He allegedly sustained personal injuries as a result of striking his head on a header, or beam, in the defendant's den, which was approximately six feet from the floor. The plaintiff is six feet, three inches tall, and at the time of the occurrence, was wearing work shoes with a sole that was, at least, one inch thick. When the accident occurred, the plaintiff had just entered the den from a staircase, and was being directed by

the defendant, who was five feet, four inches tall, to a door in the den, which accessed the backyard. It is undisputed that the defendant failed to warn the plaintiff about the limited headroom in the den.

After joinder of issue, the defendant moved for summary judgment dismissing the complaint on the ground that the header was open and obvious, and not inherently dangerous, as a matter of law. The issue of whether a dangerous condition is open and obvious is fact-specific and usually a question for a jury (*see Shah v Mercy Med. Ctr.*, 71 AD3d 1120 [2010]). Whether an asserted hazard is open and obvious cannot be divorced from the surrounding circumstances. A condition that is ordinarily apparent to a person making reasonable use of his or her senses may be rendered a trap for the unwary, where the condition is obscured or the plaintiff is distracted (*see Mazzarelli v 54 Plus Realty Corp.*, 54 AD3d 1008, 1009 [2008]). The evidence submitted by the defendant in support of her motion, including, inter alia, the plaintiff's deposition testimony, was insufficient to establish, prima facie, the defendant's entitlement to judgment as a matter of law. Indeed, the plaintiff's testimony indicated, among other things, that he was simply following the defendant through the downstairs level of her house, and that the defendant diverted his attention away from the header shortly before the injury occurred (*see Gradwohl v Stop & Shop Supermarket Co., LLC*, 70 AD3d 634 [2010]). Under these circumstances, it is not necessary to consider the sufficiency of the plaintiff's opposition papers (*see Tchjevskaia v Chase*, 15 AD3d 389 [2005]).

Accordingly, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint. Mastro, J.P., Leventhal, Hall and Lott, JJ., concur.