■ FAINA GUTMAN et al., Appellants, v TODT HILL PLAZA, LLC, et al., Respondents. [917 NYS2d 886]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Richmond County (Minardo, J.), entered December 3, 2009, as granted that branch of the motion of the defendant Cucina Fresca which was for summary judgment dismissing the complaint insofar as asserted against it and granted that branch of the cross motion of the defendant Todt Hill Plaza, LLC, which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, with one bill of costs, and that branch of the motion of the defendant Cucina Fresca which was for summary judgment dismissing the complaint insofar as asserted against it and that branch of the cross motion of the defendant Todt Hill Plaza, LLC, which was for summary judgment dismissing the complaint insofar as asserted against it are denied.

While a landowner or occupant has a duty to maintain its premises in a reasonably safe manner (*see Basso v Miller*, 40 NY2d 233 [1976]), there is no duty to protect or warn against open and obvious conditions that are not inherently dangerous (*see Russ v Fried*, 73 AD3d 1153 [2010]; *Weiss v Half Hollow Hills Cent. School Dist.*, 70 AD3d 932 [2010]; *Pipitone v 7-Eleven, Inc.*, 67 AD3d 879 [2009]). The issue of whether a dangerous condition is open and obvious is fact-specific, and usually a question of fact for a jury to resolve (*see Shah v Mercy Med. Ctr.*, 71 AD3d 1120 [2010]). Whether an asserted hazard is

open and obvious cannot be divorced from the surrounding circumstances. A condition that is ordinarily apparent to a person making reasonable use of his or her senses may be rendered a trap for the unwary where the condition is obscured or the plaintiff is distracted (*see Mazzarelli v 54 Plus Realty Corp.*, 54 AD3d 1008, 1009 [2008]; *Mauriello v Port Auth. of N.Y. & N.J.*, 8 AD3d 200 [2004]).

Under the circumstances, the defendants failed to establish, prima facie, that the alleged condition which caused the plaintiff to trip and fall was open and obvious (*see Mazzarelli v 54 Plus Realty Corp.*, 54 AD3d 1008 [2008]). Additionally, they failed to submit evidence sufficient to establish, prima facie, that they did not create or have actual or constructive notice of the alleged unsafe condition of the subject parking lot (*see generally Gordon v American Museum of Natural History*, 67 NY2d 836 [1986]). Since the defendants failed to meet their initial burden as the movants, we need not review the sufficiency of the plaintiffs' opposition papers (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]).

Accordingly, the Supreme Court should have denied those branches of the respective motion and cross motion which were for summary judgment. Covello, J.P., Chambers, Lott and Cohen, JJ., concur. **[Prior Case History: 25 Misc 3d 1233(A), 2009 NY Slip Op 52399(U).]**