■ GERALDINE BECK et al., Respondents, v BETHPAGE UNION FREE SCHOOL DISTRICT et al., Appellants, et al., Defendant. [919 NYS2d 192]—

The plaintiff Geraldine Beck (hereinafter the injured plaintiff) allegedly was injured when she tripped and fell over the wheel of a book cart, which had been placed perpendicular to a bookshelf, at the end of one of the aisles in the media room of the Bethpage Public Library.

The plaintiffs commenced this action against, among others, the defendants Bethpage Union Free School District and the Bethpage Public Library (hereinafter together the appellants), alleging that they were negligent in placing the book cart at the end of the aisle in such a way that the wheels of the book cart extended into the aisle, thereby creating a dangerous condition. The appellants asserted that the book cart was open and obvious and did not constitute an inherently dangerous condition, and moved for summary judgment dismissing the complaint insofar as asserted against them. The Supreme Court denied the appellants' motion. We affirm.

The appellants failed to meet their burden of establishing, as a matter of law, that they maintained the library in a reasonably safe condition, and that the wheel of the book cart was an open and obvious condition which was not inherently dangerous (*see Gradwohl v Stop & Shop Supermarket Co., LLC*, 70 AD3d 634 [2010]; *Cupo v Karfunkel*, 1 AD3d 48 [2003]). In support of their motion, the appellants submitted, inter alia, the deposition testimony of the injured plaintiff, the library's director, and an independent computer consultant present on the date of the accident, in addition to several photographs depicting the aisle with a book cart placed perpendicular at the end and a close-up of the book cart's wheels. The injured plaintiff testified that, as she reached the end of one of the aisles between the bookshelves located in the media room, walking about five feet behind her husband, her right foot caught a wheel of the book cart. She did not see the book cart, which had been positioned directly against the end of the bookshelf and was extending into the aisle, having entered the aisle from the opposite end, even though she had been at the library for about 20 minutes before the accident occurred.

"A condition that is ordinarily apparent to a person making reasonable use of his or her senses may be rendered a trap for the unwary where the condition is obscured or the plaintiff is distracted" (*Shah v Mercy Med. Ctr.*, 71 AD3d 1120, 1120 [2010]; *see Bloomfield v Jericho Union Free School Dist.*, 80 AD3d 637, 639 [2011]; *Villano v Strathmore Terrace Homeowners Assn., Inc.*, 76 AD3d 1061, 1062 [2010]). In light of the evidence submitted, a triable issue of fact exists as to whether the wheel of the book cart that extended into the aisle was open and obvious and not inherently dangerous.

Given the testimony of the injured plaintiff, and the other evidence submitted by the appellants showing that the book carts were for the use of employees of the library, known as pages, to return items to the bookshelves, that a page was in the media room at the time of the accident, and a book cart, when placed perpendicular to the end of a bookshelf, would be mostly obstructed from the view of a person walking down the aisle in the same direction as the injured plaintiff, the Supreme Court properly determined that the appellants failed to demonstrate their entitlement to judgment as a matter of law (*see Stoppeli v Yacenda*, 78 AD3d 815 [2010]; *Shah v Mercy Med. Ctr.*, 71 AD3d 1120 [2010]; *see also Gradwohl v Stop & Shop Supermarket Co., LLC*, 70 AD3d 634 [2010]; *Mazzarelli v 54 Plus Realty Corp.*, 54 AD3d 1008 [2008]).

Accordingly, the Supreme Court properly denied the appellants' motion for summary judgment dismissing the complaint insofar as asserted against them, regardless of the sufficiency of the plaintiffs' opposition (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]). Skelos, J.P., Balkin, Austin and Sgroi, JJ., concur.