■ Sheila Clark, Appellant, v AMF Bowling Centers, Inc., Respondent. [921 NYS2d 273]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Putnam County (Nicolai, J.), dated April 28, 2010, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.

The plaintiff allegedly was injured when she walked through the lobby of a bowling alley owned by the defendant and tripped and fell over a knee-high table. She commenced this action against the defendant alleging, inter alia, that there was inadequate lighting in the lobby. The defendant moved for summary judgment dismissing the complaint, contending that the table was open and obvious, and not inherently dangerous. The Supreme Court granted the motion. We reverse.

While a landowner has a duty to maintain its premises in a reasonably safe manner (see Basso v Miller, 40 NY2d 233 [1976]), it does not have a duty to protect against an open and obvious condition, which, as a matter of law, is not inherently dangerous (see Cupo v Karfunkel, 1 AD3d 48 [2003]). "The fact that a defect may be open and obvious does not negate a landowner's duty to maintain its premises in a reasonably safe condition, but may raise an issue of fact as to the plaintiff's comparative negligence" (Ruiz v Hart Elm Corp., 44 AD3d 842, 843 [2007]). "Whether a dangerous condition exists on real property so as to create liability on the part of the landowner depends on the peculiar facts and circumstances of each case and is generally a question of fact for the jury" (Fasano v Green-Wood Cemetery, 21 AD3d 446, 446 [2005]). A condition that is generally apparent "to a person making reasonable use of their senses may be rendered a trap for the unwary where the condition is obscured or the plaintiff is distracted" (Mazzarelli v 54 Plus Realty Corp., 54 AD3d 1008, 1009 [2008]). The determination of "[w]hether an asserted hazard is open and obvious cannot be divorced from the surrounding circumstances" (id. at 1009; see Shah v Mercy Med. Ctr., 71 AD3d 1120 [2010]).

Here, the defendant failed to meet its initial burden of

establishing its entitlement to judgment as a matter of law. In view of the surrounding circumstances, which included dim lighting and the unusual way in which certain furniture was placed, the evidence submitted by the defendant did not eliminate triable issues of fact as to whether the table was an open and obvious, and not inherently dangerous, condition (*see Villano v Strathmore Terrace Homeowners Assn., Inc.*, 76 AD3d 1061, 1061-1062 [2010]; *Salomon v Prainito*, 52 AD3d 803, 804-805 [2008]; *Femenella v Pellegrini Vineyards, LLC*, 16 AD3d 546, 546-547 [2005]; *Mauriello v Port Auth. of N.Y. & N.J.*, 8 AD3d 200 [2004]).

As the defendant failed to meet its prima facie burden on the motion, it is unnecessary to consider the adequacy of the opposing papers (*see Gradwohl v Stop & Shop Supermarket Co., LLC*, 70 AD3d 634, 637 [2010]).

Accordingly, the defendant's motion for summary judgment dismissing the complaint should have been denied. Rivera, J.P., Dickerson, Lott and Cohen, JJ., concur.