■ ANTHONY CASSONE, Appellants, v STATE OF NEW YORK, Respondent. [925 NYS2d 197]—

In a claim to recover damages for personal injuries, etc., the claimants appeal from an order of the Court of Claims (Lack, J.), dated December 31, 2009, which granted the defendant's motion for summary judgment dismissing the claim.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the claim is denied.

On October 21, 2007, Angela Cassone (hereinafter Angela), along with as many as 50,000 other people, took part in a breast cancer walk on the boardwalk at Jones Beach State Park. As she was walking, she tripped and fell on an orange cone that was secured to the boardwalk. As a result of the accident, Angela, and her husband, suing derivatively, brought this claim against the defendant, State of New York, to recover damages for personal injuries. The defendant moved for summary judgment dismissing the claim on the ground that the allegedly dangerous condition complained of (i.e., the orange cone secured to the boardwalk) was open and obvious, and not inherently dangerous. The Court of Claims granted the motion. We reverse.

A property owner is charged with the duty of maintaining its premises in a reasonably safe condition (*see Basso v Miller*, 40 NY2d 233, 241 [1976]; *Katz v Westchester County Healthcare Corp.*, 82 AD3d 712 [2011]). To be entitled to summary judgment, a defendant is required to show, prima facie, that it maintained its premises in a reasonably safe condition and that it did not have notice of or create a dangerous condition that posed a foreseeable risk of injury to persons expected to be on the premises (*see Luksch v Blum-Rohl Fishing Corp.*, 3 AD3d 475, 476 [2004]).

Here, the defendant does not argue that it did not create the condition of which Angela complained. Indeed, the defendant concedes that the orange cone was placed by it to warn of a dangerous defect present on the boardwalk under the cone at the location where Angela's accident occurred. The defendant argues that it is entitled to judgment as a matter of law because the orange cone that Angela tripped over was an open and obvious condition, and not inherently dangerous.

The issue of whether a dangerous condition is open and obvious is fact specific, and usually a question of fact for a jury to resolve (*see Gutman v Todt Hill Plaza, LLC*, 81 AD3d 892 [2011]; *Shah v Mercy Med. Ctr.*, 71 AD3d 1120 [2010]). Whether

a hazard is open and obvious cannot be divorced from the surrounding circumstances (*see Katz v Westchester County Healthcare Corp.*, 82 AD3d at 712). A condition that is ordinarily apparent to a person making reasonable use of his or her senses may be rendered a trap for the unwary where the condition is obscured or the plaintiff is distracted (*id.*; *Stoppeli v Yacenda*, 78 AD3d 815, 816 [2010]; *Villano v Strathmore Terrace Homeowners Assn., Inc.*, 76 AD3d 1061 [2010]; *Shah v Mercy Med. Ctr.*, 71 AD3d 1120 [2010]; *Mazzarelli v 54 Plus Realty Corp.*, 54 AD3d 1008, 1009 [2008]). Viewing the evidence submitted by the defendant, which included Angela's deposition testimony and photographs, in the light most favorable to the defendant, it failed to establish its prima facie entitlement to judgment as a matter of law. The defendant failed to establish, prima facie, that the cone was open and obvious under the circumstances surrounding the accident, as it may have been obscured or concealed during the walk given the large number of people traversing the boardwalk (*see generally Beck v Bethpage Union Free School Dist.*, 82 AD3d 1026 [2011]; *Villano v Strathmore Terrace Homeowners Assn, Inc.*, 76 AD3d at 1061). In this regard, Angela testified at her deposition that at the time she was on the boardwalk participating in the walk it was crowded and that the people walking in front of her were only an arm's length away when her left foot hit the secured cone and she fell to the boardwalk. She further testified that she did not see the cone she tripped on until after she fell, and observed no cones on the boardwalk prior to her accident.

Accordingly, the Court of Claims should have denied the defendant's motion for summary judgment dismissing the claim, regardless of the sufficiency of the claimants' opposition (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]; *Beck v Bethpage Union Free School Dist.*, 82 AD3d at 1026; *Villano v Strathmore Terrace Homeowners Assn, Inc.*, 76 AD3d at 1061). Dillon, J.P., Balkin, Belen and Sgroi, JJ., concur.