■ LORRAINE FRANZESE, Respondent, v TANGER FACTORY OUTLET CENTERS, INC., Appellant. [930 NYS2d 900]—

In an order dated May 18, 2010, the Supreme Court denied the defendant's motion for summary judgment dismissing the complaint with leave to renew "upon the submission of proper papers." In support of its renewed motion for summary judgment dismissing the complaint, the defendant submitted, inter alia, the unsigned deposition testimony of one of its former employees. The defendant also submitted three letters sent to that deponent requesting that the deponent sign the forwarded deposition and return it to the defendant. In addition, the defendant submitted an affidavit from an individual attesting that the deponent had not returned a signed copy of the deposition testimony to the defendant. The Supreme Court denied the defendant's renewed motion for summary judgment on the ground that the unsigned deposition testimony did not constitute admissible evidence. We affirm, but on a ground different from that relied upon by the Supreme Court.

Contrary to the Supreme Court's determination, the unsigned deposition transcript submitted by the defendant was admissible. Pursuant to CPLR 3116 (a), before its use, the transcript of the deposition of a deponent must be provided to the deponent for his or her review and signature, and any changes in form or substance desired by the deponent shall be recorded. If a deponent refuses or fails to sign his or her deposition under oath within 60 days, it may be used as if fully signed. The party seeking to use an unsigned deposition transcript bears the burden of demonstrating that a copy of the transcript had been submitted to the deponent for review and that the deponent failed to sign and return it within 60 days (*see Pina v Flik Intl. Corp.*, 25 AD3d 772, 773 [2006]; *Palumbo v Innovative Communications Concepts*, 175 Misc 2d 156, 157-158 [1997], *affd* 251 AD2d 246 [1998]). Here, the Supreme Court erred in

determining that the unsigned deposition testimony was not in admissible form. The defendant demonstrated that it had forwarded the deposition to the deponent for his consideration and review and that the deponent failed to sign and return it within 60 days. Therefore, under the circumstances, the unsigned deposition testimony was in admissible form.

Nevertheless, even upon consideration of the unsigned deposition testimony, we conclude that the Supreme Court's denial of the defendant's renewed motion for summary judgment dismissing the complaint was proper.

A landowner has a duty to maintain its premises in a reasonably safe manner (*see Basso v Miller*, 40 NY2d 233, 241 [1976]) and, thus, may be found liable if it created or had actual or constructive notice of the alleged defective condition (*see Gordon v American Museum of Natural History*, 67 NY2d 836 [1986]; *Cassone v State of New York*, 85 AD3d 837 [2011]; *Luksch v Blum-Rohl Fishing Corp.*, 3 AD3d 475, 476 [2004]). However, there is no duty to protect or warn against open and obvious conditions that are not inherently dangerous (*see Russ v Fried*, 73 AD3d 1153 [2010]; *Weiss v Half Hollow Hills Cent. School Dist.*, 70 AD3d 932 [2010]; *Pipitone v 7-Eleven, Inc.*, 67 AD3d 879 [2009]; *Cupo v Karfunkel*, 1 AD3d 48, 52 [2003]). The issue of whether a dangerous condition is open and obvious is fact-specific, and usually a question of fact for a jury to resolve (*see Shah v Mercy Med. Ctr.*, 71 AD3d 1120 [2010]). Whether an asserted hazard is open and obvious cannot be divorced from the surrounding circumstances. A condition that is ordinarily apparent to a person making reasonable use of his or her senses may be rendered a trap for the unwary where the condition is obscured or the plaintiff is distracted (*see Mazzarelli v 54 Plus Realty Corp.*, 54 AD3d 1008, 1009 [2008]; *Mauriello v Port Auth. of N.Y. & N.J.*, 8 AD3d 200 [2004]).

Under the circumstances, the defendant failed to establish, prima facie, that the alleged condition which caused the plaintiff to trip and fall was open and obvious (*see Gutman v Todt Hill Plaza, LLC*, 81 AD3d 892, 893 [2011]; *Mazzarelli v 54 Plus Realty Corp.*, 54 AD3d 1008 [2008]). Additionally, the defendant failed to submit evidence sufficient to establish, prima facie, that it did not have actual or constructive notice of the alleged unsafe condition of the subject parking lot (*see generally Gordon v American Museum of Natural History*, 67 NY2d 836 [1986]). Since the defendant failed to meet its initial burden as the movant, we need not review the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]).

Accordingly, the defendant's renewed motion for summary judgment dismissing the complaint was properly denied. Rivera, J.P., Florio, Leventhal and Roman, JJ., concur.