■ URSULA SURUJNARAINE et al., Respondents, v VALLEY STREAM CENTRAL HIGH SCHOOL DISTRICT, Appellant. [931 NYS2d 119]—

On March 13, 2009, at approximately 10:00 P.M., the plaintiff Ursula Surujnaraine (hereinafter the plaintiff) allegedly was injured after attending a concert at a high school on the defendant's premises, when she fell over a single-step riser while walking out of the high school's auditorium. She had never been to the auditorium before the date of the accident. The single-step riser separated the area of the front entrance to the high school leading to the lobby of the auditorium from the abutting sidewalk. The plaintiff and her husband, suing derivatively, commenced this action to recover damages for personal injuries. In her bill of particulars, the plaintiff alleged, inter alia, that the lighting in the area where she fell was inadequate and that the single-step riser was "out of the line of sight" of pedestrians walking from the higher level to the lower level. The defendant moved for summary judgment dismissing the complaint, arguing that the condition was open and obvious and not inherently dangerous. The Supreme Court denied the motion, finding that the conflicting expert opinions raised issues of credibility not properly resolved on a summary judgment motion. We affirm, but on different grounds.

"A property owner has a duty to maintain [its] property in a reasonably safe condition" (*Katz v Westchester County Healthcare Corp.*, 82 AD3d 712, 713 [2011]). "However, a property owner has no duty to protect or warn against an open and obvious condition, which as a matter of law is not inherently dangerous" (*id.*; *see Neiderbach v 7-Eleven, Inc.*, 56 AD3d 632, 633 [2008]; *Giambruno v Wilbur F. Breslin Dev. Corp.*, 56 AD3d 520,

521 [2008]; *Cupo v Karfunkel*, 1 AD3d 48, 51 [2003]). "[W]hether a dangerous or defective condition exists on the property of another so as to create liability depends on the peculiar facts and circumstances of each case and is generally a question of fact for the jury" (*Trincere v County of Suffolk*, 90 NY2d 976, 977 [1997] [internal quotation marks omitted]; *see Cassone v State of New York*, 85 AD3d 837, 838-839 [2011]; *Gutman v Todt Hill Plaza, LLC*, 81 AD3d 892, 892-893 [2011]; *Shah v Mercy Med. Ctr.*, 71 AD3d 1120 [2010]; *Bolloli v Waldbaum, Inc.*, 71 AD3d 618, 619 [2010]).

Here, the defendant failed to establish, prima facie, that the alleged condition that caused the plaintiff to trip and fall was open and obvious and not inherently dangerous (*see Katz v Westchester County Healthcare Corp.*, 82 AD3d at 713; *Kempter v Horton*, 33 AD3d 868, 869 [2006]; *Shalamayeva v Park 83rd St. Corp.*, 32 AD3d 387, 388 [2006]; *Miner v Northport Yacht Club*, 15 AD3d 362, 363 [2005]; *Scher v Stropoli*, 7 AD3d 777 [2004]; cf. *Roros v Oliva*, 54 AD3d 398, 399-400 [2008]). Since the defendant did not meet its initial burden of establishing its prima facie entitlement to judgment as a matter of law, we need not address the sufficiency of the plaintiffs' opposing papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]).

Accordingly, the Supreme Court properly denied the defendant's motion for summary judgment dismissing the complaint. Angiolillo, J.P., Dickerson, Chambers and Lott, JJ., concur.