SECOND DEPARTMENT, JULY, 2012

(July 5, 2012)

■ ANGEL ACEVEDO, Appellant, v NEW YORK CITY TRANSIT AUTHORITY, Respondent. [947 NYS2d 599]—

The plaintiff allegedly tripped and fell over a wooden board at the edge of a subway platform as he attempted to enter a train during rush hour. The defendant, the New York City Transit Authority, had placed the wooden board, which was not flush with the surrounding platform, at the edge of the platform as a temporary measure to cover a defect in the platform. The plaintiff alleged that, when he arrived at the platform, the train had already pulled into the station and there were people exiting and entering the train. The wooden board was located near one of the train doors. The plaintiff commenced this action against the defendant, and the defendant moved, in effect, for summary judgment dismissing the complaint. The Supreme Court granted the motion. The plaintiff appeals, and we reverse.

"To impose liability upon a defendant in a trip-and-fall action, there must be evidence that a dangerous or defective condition existed, and that the defendant either created the condition or had actual or constructive notice of it" (*Dennehy-Murphy v Nor-Topia Serv. Ctr., Inc.*, 61 AD3d 629, 629 [2009]). Whether a dangerous or defective condition exists on the property so as to create liability depends on the particular circumstances of each case and is generally a question of fact for the jury (*see Surujnaraine v Valley Stream Cent. High School Dist.*, 88 AD3d 866 [2011]; *Katz v Westchester County Healthcare Corp.*, 82 AD3d 712 [2011]; *Stoppeli v Yacenda*, 78 AD3d 815 [2010]; *Villano v Strathmore Terrace Homeowners Assn., Inc.*, 76 AD3d 1061 [2010]). "A condition that is ordinarily apparent to a person making reasonable use of his or her senses may be rendered a trap for the unwary where the condition is obscured or the plaintiff is distracted" (*Shah v Mercy Med. Ctr.*, 71 AD3d 1120, 1120 [2010]; *see Beck v Bethpage Union Free School Dist.*, 82 AD3d 1026 [2011]; *Mazzarelli v 54 Plus Realty Corp.*, 54 AD3d 1008, 1009 [2008]).

Here, the defendant's own submissions in support of its motion demonstrated the existence of a triable issue of fact as to whether, under the circumstances, the wooden board that it placed on the platform constituted a dangerous condition. Accordingly, the Supreme Court should have denied the defendant's motion, in effect, for summary judgment dismissing the complaint, without regard to the sufficiency of the plaintiff's

papers submitted in opposition (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]; *Cassone v State of New York*, 85 AD3d 837 [2011]; *Mauriello v Port Auth. of N.Y. & N.J.*, 8 AD3d 200 [2004]). Florio, J.P., Balkin, Hall and Miller, JJ., concur.