In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Westchester County (O. Bellantoni, J.), entered September 25, 2012, which denied his motion for summary judgment dismissing the complaint.
Ordered that the order is affirmed, with costs.
On July 5, 2003, the plaintiff, who was 15 years old at the time, was attending a party at the defendant’s house, where fireworks were being set off. The plaintiff allegedly stepped backward to distance himself from the fireworks, and tripped over Belgian blocks that formed a border around one of the trees on the defendant’s front lawn, becoming impaled on a wooden stake that was within the border. The plaintiff commenced this action against the defendant, alleging that the defendant was negligent in his maintenance of the property and in his supervision of his guests. The defendant moved for summary judgment dismissing the complaint, and the Supreme Court denied the motion.
A property owner is charged with the duty of maintaining its premises in a reasonably safe condition (see Basso v Miller, 40 NY2d 233, 241 [1976]; Katz v Westchester County Healthcare Corp., 82 AD3d 712 [2011]). A property owner has no duty to protect or warn against an open and obvious condition, which *918 as a matter of law is not inherently dangerous (see Atehortua v Lewin, 90 AD3d 794, 794 [2011]; Surujnaraine v Valley Stream Cent. High School Dist., 88 AD3d 866, 866 [2011]; Katz v Westchester County Healthcare Corp., 82 AD3d at 712; Tyz v First St. Holding Co., Inc., 78 AD3d 818 [2010]; Weiss v Half Hollow Hills Cent. School Dist., 70 AD3d 932 [2010]; Bretts v Lincoln Plaza Assoc., Inc., 67 AD3d 943 [2009]; Neville v 187 E. Main St., LLC, 33 AD3d 682 [2006]; Cupo v Karfunkel, 1 AD3d 48 [2003]). Whether a dangerous or defective condition exists on the property so as to give rise to liability depends on the particular circumstances of each case and is generally a question of fact for the jury (see Acevedo v New York City Tr. Auth., 97 AD3d 515 [2012]; Surujnaraine v Valley Stream Cent. High School Dist., 88 AD3d at 866; Katz v Westchester County Healthcare Corp., 82 AD3d at 712; Stoppeli v Yacenda, 78 AD3d 815 [2010]; Villano v Strathmore Terrace Homeowners Assn., Inc., 76 AD3d 1061 [2010]). The issue of whether a dangerous condition is open and obvious is also fact-specific, and usually a question of fact for a jury to resolve (see Gutman v Todt Hill Plaza, LLC, 81 AD3d 892 [2011]; Shah v Mercy Med. Ctr., 71 AD3d 1120 [2010]). Whether a hazard is open and obvious cannot be divorced from the surrounding circumstances (see Atehortua v Lewin, 90 AD3d at 794; Katz v Westchester County Healthcare Corp., 82 AD3d at 712). A condition that is ordinarily apparent to a person making reasonable use of his or her senses may be rendered a trap for the unwary where the condition is obscured or the plaintiff is distracted (see Harris v 11 W. 42 Realty Invs., LLC, 98 AD3d 1084 [2012]; Acevedo v New York City Tr. Auth., 97 AD3d at 515; Calandrino v Town of Babylon, 95 AD3d 1054 [2012]; Gordon v Pitney Bowes Mgt. Servs., Inc., 94 AD3d 813 [2012]; Cassone v State of New York, 85 AD3d 837 [2011]; Katz v Westchester County Healthcare Corp., 82 AD3d at 712; Stoppeli v Yacenda, 78 AD3d at 816; Villano v Strathmore Terrace Homeowners Assn., Inc., 76 AD3d at 1061; Shah v Mercy Med. Ctr., 71 AD3d at 1120; Mazzarelli v 54 Plus Realty Corp., 54 AD3d 1008, 1009 [2008]).
The evidence relied upon by the defendant in support of his motion, which included the photographs attached to his affidavit as well as the parties’ deposition testimony, did not establish his prima facie entitlement to judgment as a matter of law by demonstrating that the subject condition was open and obvious under the circumstances of this case (see Harris v 11 W. 42 Realty Invs., LLC, 98 AD3d 1084 [2012]; Calandrino v Town of Babylon, 95 AD3d 1054 [2012]; Gordon v Pitney Bowes Mgt. Servs., Inc., 94 AD3d 813 [2012]; Franzese v Tanger Factory Outlet Ctrs., Inc., 88 AD3d 763 [2011]; see e.g. Stoppeli v Ya *919 cenda, 78 AD3d at 816). Therefore, the Supreme Court properly denied that branch of the defendant’s motion which was for summary judgment dismissing the cause of action based on negligent maintenance of the property (see Stoppeli v Yacenda, 78 AD3d at 816; see also Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]).
It has long been the rule in New York that “[l]andowners in general have a duty to act in a reasonable manner to prevent harm to those on their property” (D’Amico v Christie, 71 NY2d 76, 85 [1987]; see Martino v Stolzman, 18 NY3d 905, 908 [2012]). “In particular, they have a duty to control the conduct of third persons on their premises when they have the opportunity to control such persons and are reasonably aware of the need for such control” (D'Amico v Christie, 71 NY2d at 85; see Martino v Stolzman, 18 NY3d at 908).
Contrary to the defendant’s assertions on appeal, the Supreme Court properly denied that branch of his motion which was for summary judgment dismissing the negligent supervision cause of action. The defendant failed to establish his prima facie entitlement to judgment as a matter of law, since there are triable issues of fact as to whether the defendant owed a duty to the plaintiff in this case to prevent harm to him from third parties who were setting off fireworks while on his property (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]).
Therefore, the Supreme Court properly denied the defendant’s motion for summary judgment dismissing the complaint. In reaching this conclusion, we have considered the reply papers submitted by the defendant in further support of his motion, which the Supreme Court improvidently declined to consider. Dillon, J.E, Leventhal, Hall and Austin, JJ., concur.