BENNETT RUSSO, Respondent, v INCORPORATED VILLAGE OF ATLANTIC BEACH, Appellant. [989 NYS2d 320]—

In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Nassau County (Bruno, J.), dated May 21, 2013, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

A property owner has a duty to maintain its premises in a reasonably safe condition, but has no duty to protect or warn against open and obvious conditions that are not inherently dangerous (*see Brande v City of White Plains*, 107 AD3d 926 [2013]; *Gallo v Hempstead Turnpike, LLC*, 97 AD3d 723 [2012]; *Buccino v City of New York*, 84 AD3d 670 [2011]; *Comack v VBK Realty Assoc., Ltd.*, 48 AD3d 611 [2008]). However, whether a condition is open and obvious depends on the circumstances of the case, and something that ordinarily would be readily observable may be obscured by other objects or by inadequate illumination (*see Pellegrino v Trapasso*, 114 AD3d 917, 918 [2014]; *Acevedo v New York City Tr. Auth.*, 97 AD3d 515 [2012]; *Clark v AMF Bowling Ctrs., Inc.*, 83 AD3d 761 [2011]; *Beck v Bethpage Union Free School Dist.*, 82 AD3d 1026 [2011]; *Mazzarelli v 54 Plus Realty Corp.*, 54 AD3d 1008 [2008]).

Here, the Supreme Court properly determined that the defendant failed to establish its prima facie entitlement to judgment as a matter of law, in that the defendant did not demonstrate that the condition that allegedly caused the plaintiff's son's injuries was open, obvious, and not inherently dangerous (*see Zhuo Zheng Chen v City of New York*, 106 AD3d 1081 [2013]; *Clark v AMF Bowling Ctrs., Inc.*, 83 AD3d at 761-762). Since the defendant failed to meet its burden, we need not consider the sufficiency of the plaintiff's papers submitted in opposition to the motion (*see Stoppeli v Yacenda*, 78 AD3d 815 [2010]).

Accordingly, the Supreme Court properly denied the defend-

ant's motion for summary judgment dismissing the complaint. Mastro, J.P., Chambers, Lott and Roman, JJ., concur.