■ FRANK A. BARONE, Appellant, v PETER A. RISI et al., Respondents. [9 NYS3d 620]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Dutchess County (Rosa, J.), dated January 21, 2014, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.

The defendants Peter A. Risi and Linda Americo jointly own a 15-acre property located in Putnam Valley. The property is on a hill, and a stream runs across the entire property. At the time in question, the defendants were out of town. Risi had made arrangements with his 23-year-old son to go to the property each morning and evening to feed and care for the defendants' cats and horses. On the night of August 14, 2012, Risi's son invited the plaintiff onto the defendants' property. The plaintiff arrived at the house with approximately 10 people, some of whom were drinking alcohol. After a period of time, the group decided to make an outdoor fire, and the son led the group down a path to a cleared area that had been previously used to make outdoor fires. This area was close to the stream.

At approximately 3:00 a.m., as the fire was dying out, the son and some other individuals began jumping over the dwindling fire. The plaintiff, who denied drinking alcohol, joined in the activity, jumped over the fire, continued walking for two or three more steps, and walked off the ledge of an embankment on the edge of the stream, fracturing his ankle.

The plaintiff commenced this action against Risi and Americo to recover damages for his injuries. The defendants moved for summary judgment dismissing the complaint. The Supreme Court granted the defendants' motion. The plaintiff appeals. We reverse.

"A landowner must act as a reasonable [person] in maintaining his [or her] property in a reasonably safe condition in view of all the circumstances, including the likelihood of injury to others, the seriousness of the injury, and the burden of avoiding the risk" (*Basso v Miller*, 40 NY2d 233, 241 [1976]; *see Matter of World Trade Ctr. Bombing Litig.*, 17 NY3d 428, 466 [2011]; *Peralta v Henriquez*, 100 NY2d 139, 144 [2003]; *Kellman v 45 Tiemann Assoc.*, 87 NY2d 871, 872 [1995]). "The nature and scope of that duty and the persons to whom it is owed require consideration of the likelihood of injury to another from a dangerous condition on the property, the seriousness of the potential injury, the burden of avoiding the risk and the foreseeability of a potential plaintiff's presence on the property" (*Galindo v Town of Clarkstown*, 2 NY3d 633, 636 [2004]). "Liability may be imposed upon a landowner who fails to take reasonable precautions in order to prevent those accidents which might foreseeably occur as the result of dangerous terrain" (*Diven v Village of Hastings-On-Hudson*, 156 AD2d 538, 539 [1989]; *see Morell v Peekskill Ranch*, 64 NY2d 859 [1985]; *Le Roux v State of New York*, 307 NY 397 [1954]).

However, a landowner does not have a duty to protect against an open and obvious condition, which, as a matter of law, is not inherently dangerous (*see Cupo v Karfunkel*, 1 AD3d 48, 52 [2003]). Moreover, the question "of whether a condition is hidden or open and obvious is generally for the finder of fact to determine" (*Capasso v Village of Goshen*, 84 AD3d 998, 999 [2011]; *see Mazzarelli v 54 Plus Realty Corp.*, 54 AD3d 1008, 1009 [2008]), although, in a proper case, a condition may be found open and obvious as a matter of law. Nonetheless, whether a condition is open and obvious "cannot be divorced from the surrounding circumstances," and a condition that is ordinarily apparent to a person making reasonable use of his or her senses may be rendered a trap for the unwary where the condition is obscured (*Mazzarelli v 54 Plus Realty Corp.*, 54

AD3d at 1009), for example, by other objects or by inadequate illumination (*see Russo v Incorporated Vil. of Atl. Beach,* 119 AD3d 764 [2014]; *Pellegrino v Trapasso,* 114 AD3d 917, 918 [2014]).

Here, the defendants failed to establish their prima facie entitlement to judgment as a matter of law, as they did not demonstrate that the condition that allegedly caused the plaintiff's injuries was open, obvious, and not inherently dangerous (*see Russo v Incorporated Vil. of Atl. Beach,* 119 AD3d at 764; *Pellegrino v Trapasso,* 114 AD3d at 918; *Acevedo v New York City Tr. Auth.,* 97 AD3d 515, 516 [2012]; *Clark v AMF Bowling Ctrs., Inc.,* 83 AD3d 761 [2011]; *Beck v Bethpage Union Free School Dist.,* 82 AD3d 1026 [2011]). Contrary to the defendants' contention, their submissions did not establish that the plaintiff's accident resulted from his own behavior in jumping over the dwindling fire. It is undisputed that the defendants were aware that their young adult children had created and used the fire pit and did "the same things that these kids did . . . made a fire and they hung around and talked, or whatever they did." The defendants' submissions reveal that this area, at 3:00 a.m., was very dark and surrounded by tall grass, and that the plaintiff did not know of the ledge and potential hazardous condition of the ledge and the drop down to the embankment. While the nature of the terrain may have been open and obvious during the day, the same cannot be said for late night, where there was little, if any lighting.

Accordingly, the Supreme Court should have denied the defendants' motion without regard to the sufficiency of the plaintiff's opposition papers (*see Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]). Dillon, J.P., Dickerson, Cohen and Duffy, JJ., concur.