■ HELEN RICHARDSON, Respondent, v BROOKLAKE ASSOCIATES, L.P., et al., Appellants, et al., Defendants. [16 NYS3d 603]—

In an action to recover damages for personal injuries, the defendants Brooklake Associates, L.P., Two Trees Management Co., LLC, and Galapagos at Dumbo, Inc., appeal from an order of the Supreme Court, Kings County (Toussaint, J.), dated

October 29, 2014, which denied their motion for summary judgment dismissing the amended complaint insofar as asserted against them.

Ordered that the order is affirmed, with costs.

On April 1, 2010, the plaintiff allegedly was injured while conducting a rehearsal of a play that she was producing and directing at a venue known as the Galapagos Art Space, in a building which was owned by the defendant Brooklake Associates, L.P. Galapagos Art Space was owned by the defendant Galapagos at Dumbo, Inc., and managed by the defendant Two Trees Management Co., LLC (hereinafter collectively the appellants). As the plaintiff was walking toward the stage and giving direction to one of the actors, she fell into a water-filled trench when her right foot went off an unguarded edge of the walkway leading to the stage from the center aisle of the venue. The base of the water-filled trench was situated 15 inches below the walkway. The area where the plaintiff had been walking was dark at the time of the accident, while the stage was lit. This was the first rehearsal of the play at the venue.

The plaintiff commenced this action to recover damages for personal injuries against the appellants and others. The appellants moved for summary judgment dismissing the amended complaint insofar as asserted against them. The Supreme Court denied the motion. The appellants appeal, and we affirm.

An owner of property or tenant in possession of real property has a duty to maintain the property in a reasonably safe condition (*see Kellman v 45 Tiemann Assoc.*, 87 NY2d 871, 872 [1995]; *Basso v Miller*, 40 NY2d 233, 241 [1976]; *Doughim v M & US Prop., Inc.*, 120 AD3d 466, 467 [2014]; *Kruger v Donzelli Realty Corp.*, 111 AD3d 897, 898 [2013]). "A finding of negligence may be based only upon the breach of a duty" (*Darby v Compagnie Natl. Air France*, 96 NY2d 343, 347 [2001]).

A defendant moving for summary judgment dismissing a premises liability cause of action has the initial burden of making a prima facie showing that it neither created the defective condition nor had actual or constructive notice of its existence (*see Kruger v Donzelli Realty Corp.*, 111 AD3d at 898; *Bravo v 564 Seneca Ave. Corp.*, 83 AD3d 633, 634 [2011]; *Bloomfield v Jericho Union Free School Dist.*, 80 AD3d 637, 638 [2011]; *Pryzywalny v New York City Tr. Auth.*, 69 AD3d 598, 598 [2010]). However, there is "no duty to warn of an open and obvious danger" (*Tagle v Jakob*, 97 NY2d 165, 169 [2001]), where, as a matter of law, it is not inherently dangerous (*see Cupo v Karfunkel*, 1 AD3d 48, 51 [2003]).

"[W]hether a dangerous or defective condition exists on the property of another so as to create liability 'depends on the peculiar facts and circumstances of each case' and is generally a question of fact for the jury" (*Trincere v County of Suffolk*, 90 NY2d 976, 977 [1997], quoting *Guerrieri v Summa*, 193 AD2d 647, 647 [1993]; *see Shah v Mercy Med. Ctr.*, 71 AD3d 1120, 1120 [2010]; *Bolloli v Waldbaum, Inc.*, 71 AD3d 618, 619 [2010]; *Mazzarelli v 54 Plus Realty Corp.*, 54 AD3d 1008, 1009 [2008]). "A condition that is ordinarily apparent to a person making reasonable use of his or her senses may be rendered a trap for the unwary where the condition is obscured or the plaintiff is distracted" (*Shah v Mercy Med. Ctr.*, 71 AD3d at 1120; *see Villano v Strathmore Terrace Homeowners Assn., Inc.*, 76 AD3d 1061, 1062 [2010]; *Mazzarelli v 54 Plus Realty Corp.*, 54 AD3d at 1009).

Here, contrary to the appellants' contention, they failed to establish their prima facie entitlement to judgment as a matter of law dismissing the amended complaint insofar as asserted against them on the basis that they did not owe a duty of care to the plaintiff (*see Basso v Miller*, 40 NY2d at 241). The evidence submitted by the appellants in support of their motion demonstrated that they retained control over the venue by making the ultimate decision as to whether the railings in the area where the accident occurred would be removed, removing that railing, and controlling the condition of the lighting during the rehearsal.

Moreover, the appellants failed to establish, prima facie, that the alleged condition that caused the plaintiff to fall, which they concede was designed by the principal of the corporation that owned the Galapagos Art Space during its construction, was open and obvious and not inherently dangerous. The evidence they submitted demonstrated that, once the railing system was removed from the area where the accident occurred, the trenches next to the stage were left unprotected, without any warnings or illumination around them to warn of the height differential, while the other trenches within the venue were protected by permanent railings (*see Villano v Strathmore Terrace Homeowners Assn., Inc.*, 76 AD3d at 1062; *Shah v Mercy Med. Ctr.*, 71 AD3d at 1120; *Gradwohl v Stop & Shop Supermarket Co., LLC*, 70 AD3d 634, 636 [2010]).

In light of the appellants' failure to meet their initial burden as the movants, the burden never shifted to the plaintiff to submit evidence sufficient to raise a triable issue of fact (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

Accordingly, the Supreme Court properly denied the appellants' motion for summary judgment dismissing the amended complaint insofar as asserted against them. Dillon, J.P., Chambers, Austin and Miller, JJ., concur.