■ COURTNEY SIMON, an Infant, by Her Father and Natural Guardian, PAUL SIMON, Respondent, v COMSEWOGUE SCHOOL DISTRICT, Appellant. [39 NYS3d 180]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Suffolk County (Gazzillo, J.), dated September 8, 2015, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

On October 8, 2010, at around dusk, the plaintiff allegedly tripped and fell over a chain suspended between two poles as she was walking within the property of Comsewogue High School. At the time the accident occurred, the school was hosting a pep rally, and 700 to 1,000 attendees, including the plaintiff, were walking from the football field, where the pep rally was held, to a bonfire, which was located in an area near

the gymnasium. In March 2012, the plaintiff, by her father, commenced this action against the defendant. After discovery, the defendant moved for summary judgment dismissing the complaint. The Supreme Court denied the motion.

There is no duty to warn of a condition which is open and obvious and not inherently dangerous (*see Cupo v Karfunkel*, 1 AD3d 48, 51 [2003]). "The issue of whether a dangerous condition is open and obvious is fact-specific, and usually a question for a jury" (*Shah v Mercy Med. Ctr.*, 71 AD3d 1120, 1120 [2010]; *see Pellegrino v Trapasso*, 114 AD3d 917, 918 [2014]; *Bolloli v Waldbaum, Inc.*, 71 AD3d 618, 619 [2010]; *Mazzarelli v 54 Plus Realty Corp.*, 54 AD3d 1008, 1009 [2008]). "A condition that is ordinarily apparent to a person making reasonable use of his or her senses may be rendered a trap for the unwary where the condition is obscured or the plaintiff is distracted" (*Shah v Mercy Med. Ctr.*, 71 AD3d at 1120; *see Stoppeli v Yacenda*, 78 AD3d 815, 816 [2010]; *Villano v Strathmore Terrace Homeowners Assn., Inc.*, 76 AD3d 1061, 1062 [2010]; *Mazzarelli v 54 Plus Realty Corp.*, 54 AD3d at 1009).

Here, the defendant failed to establish, prima facie, that the chain was open and obvious given the crowd and lighting conditions at the time of the accident (*see Lazic v Trump Vil. Section 3, Inc.*, 134 AD3d 776 [2015]; *Cassone v State of New York*, 85 AD3d 837 [2011]). Since the defendant failed to establish its prima facie entitlement to judgment as a matter of law, it is not necessary to review the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

Contrary to the defendant's contention, the facts in this Court's decision and order in the case of *Callen v Comsewogue School Dist.* (95 AD3d 814 [2012]) are distinguishable, and do not require a different result.

Accordingly, the Supreme Court properly denied the defendant's motion for summary judgment. Dillon, J.P., Cohen, Miller and Brathwaite Nelson, JJ., concur.