■ CONCETTA DALTON et al., Appellants, v NORTH RITZ CLUB et al., Respondents. [46 NYS3d 900]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Murphy, J.), entered August 4, 2015, as granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.

The plaintiff Concetta Dalton (hereinafter the plaintiff) was attending a wedding reception at the defendants' catering hall and allegedly was injured when she tripped over a knee-high table in the lobby of the catering hall and fell. The plaintiff was walking through the lobby area, where there was a crowd of people, to reach the main dining area when the accident occurred. The plaintiff testified at her deposition that she did not see the table before she fell. The plaintiff, and her husband suing derivatively, commenced this action against the defendants. The defendants moved for summary judgment dismissing the complaint, contending that the presence of the subject table in the lobby was open and obvious and not inherently dangerous. The Supreme Court granted the motion. We reverse.

Whether a dangerous condition exists on real property so as to create liability on the part of the landowner depends on the particular facts and circumstances of each case and is generally a question of fact for the jury (*see Gutman v Todt Hill Plaza, LLC*, 81 AD3d 892 [2011]; *Shah v Mercy Med. Ctr.*, 71 AD3d 1120 [2010]; *Fasano v Green-Wood Cemetery*, 21 AD3d 446, 446 [2005]). A condition that is generally apparent "to a person making reasonable use of their senses may be rendered a trap for the unwary where the condition is obscured or the plaintiff is distracted" (*Mazzarelli v 54 Plus Realty Corp.*, 54 AD3d 1008, 1009 [2008]). The determination of "[w]hether an asserted hazard is open and obvious cannot be divorced from the surrounding circumstances" (*id.* at 1009; *see Shah v Mercy Med. Ctr.*, 71 AD3d at 1120).

Here, the defendants failed to establish, prima facie, that the table at issue was open and obvious and not inherently dangerous given the surrounding circumstances at the time of the accident (*see Simon v Comsewogue Sch. Dist.*, 143 AD3d 695, 696 [2016]; *Cassone v State of New York*, 85 AD3d 837, 839 [2011]; *Clark v AMF Bowling Ctrs., Inc.*, 83 AD3d 761, 761-762 [2011]). Since the defendants failed to meet their initial burden as the movants, it is not necessary to review the sufficiency of the plaintiffs' opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

Accordingly, the Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint. Balkin, J.P., Hall, LaSalle and Barros, JJ., concur.