Elfassi v Hollister Co. (2018 NY Slip Op 08279)





Elfassi v Hollister Co.


2018 NY Slip Op 08279


Decided on December 5, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 5, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JOHN M. LEVENTHAL
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.


2016-07413
 (Index No. 12730/12)

[*1]Maxim Elfassi, appellant, 
v
Hollister Co., et al., respondents.


Cherny & Podolsky PLLC, Brooklyn, NY (Steven V. Podolsky and Mari Milorava-Kelman of counsel), for appellant.
Weber Gallagher Simpson Stapleton Fires & Newby LLP, New York, NY (Samantha R. Aster of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Bernadette Bayne, J.), dated June 1, 2016. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.
The plaintiff commenced this action against the defendants to recover damages for personal injuries. The plaintiff alleged that he was shopping in the defendants' clothing store and was injured when he struck his shin and fell over a short table located near a clothing display. The defendants moved for summary judgment dismissing the complaint, contending, inter alia, that the presence of the table was open and obvious and, moreover, that the plaintiff was injured because he chose a path that was not intended for ingress/egress. In support of their motion, the defendants submitted the plaintiff's deposition transcript. The plaintiff testified that he did not see the table before he fell because the store was dark, and the smaller table was obscured or hidden by a taller, larger table near it. The Supreme Court granted the motion, and the plaintiff appeals.
"Whether a dangerous condition exists on real property so as to create liability on the part of the landowner depends on the particular facts and circumstances of each case and is generally a question of fact for the jury" (Clark v AMF Bowling Ctrs., Inc., 83 AD3d 761, 761 [internal quotation marks omitted]; see Gutman v Todt Hill Plaza, LLC, 81 AD3d 892; Shah v Mercy Med. Ctr., 71 AD3d 1120; Fasano v Green-Wood Cemetery, 21 AD3d 446, 446). Even a condition that is generally apparent "to a person making reasonable use of their senses may be rendered a trap for the unwary where the condition is obscured or the plaintiff is distracted" (Mazzarelli v 54 Plus Realty Corp., 54 AD3d 1008, 1009). The determination of "[w]hether an asserted hazard is open and obvious cannot be divorced from the surrounding circumstances" (id. at 1009; see Shah v Mercy Med. Ctr., 71 AD3d at 1120).
Here, the defendants failed to establish, prima facie, that the table at issue was open and obvious and not dangerous given the surrounding circumstances at the time of the accident, [*2]including the evidence submitted by the defendants on their motion as to the lighting conditions and the presence of other customers in the area (see Dalton v North Ritz Club, 147 AD3d 1017; Simon v Comsewogue Sch. Dist., 143 AD3d 695, 696; Clark v AMF Bowling Ctrs., Inc., 83 AD3d at 761-762). Further, the defendants' own evidence, including the deposition testimony of their employees, demonstrated the existence of a triable issue of fact as to whether the space on the side of the table on which the plaintiff was injured could be anticipated as an area of egress by the plaintiff. Since the defendants failed to meet their initial burden as the movants, it is not necessary to review the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
Accordingly, the Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint.
RIVERA, J.P., LEVENTHAL, BARROS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court