Pirreca v Smithtown Cent. Sch. Dist. (2022 NY Slip Op 04825)

Pirreca v Smithtown Cent. Sch. Dist.

2022 NY Slip Op 04825

Decided on August 3, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 3, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
VALERIE BRATHWAITE NELSON
SHERI S. ROMAN
WILLIAM G. FORD, JJ.

2020-03946
 (Index No. 618891/17)

[*1]Ida Pirreca, etc., respondent,
v
Smithtown Central School District, appellant.

Ahmuty, Demers & McManus, Albertson, NY (Glenn A. Kaminska and Nicholas M. Vevante of counsel), for appellant.
Martin Silver, P.C., Hauppauge, NY (Richard E. Trachtenberg of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries and wrongful death, etc., the defendant appeals from an order of the Supreme Court, Suffolk County (Fernando Camacho, J.), dated May 4, 2020. The order denied the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
On December 7, 2016, Salvatore Calfaliello (hereinafter the decedent) allegedly was injured in the auditorium of Nesaquake Middle School, premises owned and operated by the defendant. As the decedent was walking along a walkway adjacent to and level with the stage area, he tripped and fell on a moveable elevated conductor's platform placed on the floor at the edge of the stage area. The plaintiff, the decedent's sister, as administrator of the decedent's estate and individually, commenced this action against the defendant to recover damages for personal injuries and wrongful death. The defendant moved for summary judgment dismissing the complaint. The Supreme Court denied the motion, and the defendant appeals.
While a possessor of real property has a duty to maintain its premises in a reasonably safe manner (see Basso v Miller, 40 NY2d 233, 241), it has no duty to protect or warn against an open and obvious condition that, as a matter of law, is not inherently dangerous (see Shermazanova v Amerihealth Med., P.C., 173 AD3d 796, 797; Cupo v Karfunkel, 1 AD3d 48). The determination as to whether a dangerous or defective condition exists on property so as to give rise to liability depends on the circumstances of each case and is generally a question of fact for the jury (see Kastin v Ohr Moshe Torah Inst., Inc., 170 AD3d 697, 698; Russo v Home Goods, Inc., 119 AD3d 924, 925). "'A condition that is ordinarily apparent to a person making reasonable use of his or her senses may be rendered a trap for the unwary where the condition is obscured or the plaintiff is distracted'" (Beck v Bethpage Union Free School Dist., 82 AD3d 1026, 1028, quoting Shah v Mercy Med. Ctr., 71 AD3d 1120, 1120). Further, the law is clear that "[e]vidence that the dangerous condition was open and obvious cannot relieve the landowner" of the burden to exercise reasonable care in [*2]maintaining the property in a safe condition (Cupo v Karfunkel, 1 AD3d at 52).
Here, the defendant failed to meet its burden of establishing, prima facie, that it maintained the auditorium in a reasonably safe condition and that the conductor's platform was an open and obvious condition that was not inherently dangerous (see Richardson v Brooklake Assoc., L.P., 131 AD3d 1153, 1155; Villano v Strathmore Terrace Homeowners Assn., Inc., 76 AD3d 1061, 1062; Salomon v Prainito, 52 AD3d 803, 804-805). Additionally, the defendant's submissions present a triable issue of fact as to whether the decedent's view of the conductor's platform was obstructed or narrowed. Since the defendant failed to meet its initial burden as the movant, it is not necessary to review the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851).
Accordingly, the Supreme Court properly denied the defendant's motion for summary judgment dismissing the complaint.
DILLON, J.P., BRATHWAITE NELSON, ROMAN and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court