■ JOSEPHA MINER, Appellant, v NORTHPORT YACHT CLUB, Respondent. [790 NYS2d 46]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (Cohalan, J.), dated March 8, 2004, as granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is denied, and the complaint is reinstated.

On September 11, 1999, the plaintiff Josepha Miner, while leaving a dinner party at the defendant Northport Yacht Club, fell over a single-step riser between the landing and a walkway in front of the main entrance, injuring her knee. She commenced this action against the defendant to recover damages for personal injuries.

At her deposition, the plaintiff testified that there was no lighting on the landing. John Amante, a member of the defendant's board of directors, testified at his deposition that the site of the accident was covered with a canvas awning and had a single recessed light fixture over the door. Amante could not recall whether there was a light switch for the light at the time of the accident "or how that worked." There is no evidence in the record that the light was on.

The defendant moved for summary judgment dismissing the complaint based upon the deposition testimony and the Supreme Court granted the motion. We reverse.

On its motion for summary judgment, the defendant bore the burden in the first instance of establishing its prima facie entitlement to judgment as a matter of law. The defendant failed to meet that burden based upon the evidence submitted, which included the plaintiff's sworn statement that there was no lighting in the area (*see Scher v Stropoli*, 7 AD3d 777 [2004]).

In view of the foregoing, summary judgment should have been denied. Florio, J.P., Adams, S. Miller and Goldstein, JJ., concur.