■ DELVIN SWEENEY, Respondent, v BRUCKNER PLAZA ASSOCIATES, LP, et al., Appellants, et al., Defendants. [799 NYS2d 483]—

Order, Supreme Court, Bronx County (George D. Salerno, J.), entered July 20, 2004, which, to the extent appealed from, denied the motions by defendants Bruckner Plaza Associates for summary judgment and by Zerega Recovery to dismiss the complaint for failure to state a cause of action regarding allegations of trespass to chattel, conversion and negligence, unanimously affirmed, without costs or disbursements.

Plaintiff is a disabled person whose car was towed from a parking space designated for handicapped persons in a parking lot at a shopping plaza in the Bronx owned and operated by defendant Bruckner. Defendant Zerega towed the vehicle to its storage facility. Although plaintiff testified that there were stickers on the car indicating that it belonged to a handicapped individual, it is undisputed that the car was not registered for a handicapped parking permit in accordance with Vehicle and Traffic Law § 1203-a. While defendants assert that they were entitled to remove any vehicle that was wrongfully parked, the New York City Administrative Code prohibits an owner or operator of parking facilities on private property from towing a vehicle from the property unless "a sign stating the name, address and telephone number of the tow operator, the hours of operation for vehicle redemption, towing and storage fees of the tow operator and the hours vehicles are prohibited from parking

and subject to tow" is conspicuously posted (§ 19-169.1 [b]).* There is no evidence that such a sign was posted in this case.

Since defendants failed to establish as a matter of law that they had the authority to remove plaintiff's vehicle (*see Miner v Northport Yacht Club*, 15 AD3d 362 [2005]), there exist triable issues as to whether defendants' acts constituted conversion and/or trespass to chattel (*Sporn v MCA Records*, 58 NY2d 482, 487 [1983]). Given the possible breach of the cited Administrative Code provision, plaintiff has similarly raised issues of fact as to whether defendants were negligent. Accordingly, summary judgment was properly denied. Concur—Saxe, J.P., Marlow, Sullivan, Williams and Gonzalez, JJ.

* While none of the parties have brought this provision to our attention, we can take judicial notice of the Administrative Code (*Howard Stores Corp. v Pope*, 1 NY2d 110, 115 [1956]).