■ INDAMORA KEMPTER, Appellant, v JEFFREY HORTON, Doing Business as KWICK MART DELI, et al., Respondents, and ANESI REALTY CORP., Respondent-Appellant. [824 NYS2d 308]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Putnam County (O'Rourke, J.), dated February 3, 2005, as granted that branch of the motion of the defendant Anesi Realty Corp. which was for summary judgment dismissing the complaint insofar as asserted against it and granted that branch of the motion of the defendants Jeffrey Horton, doing business as Kwick Mart Deli, and Kwick Mart Deli which was for summary judgment dismissing the complaint insofar as asserted against them, and the defendant Anesi

Realty Corp. separately appeals from so much of the same order as, in effect, denied as academic that branch of its motion which was for summary judgment on its cross claim for indemnification against the defendants Jeffrey Horton, doing business as Kwick Mart Deli, and Kwick Mart Deli.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion of the defendants Jeffrey Horton, doing business as Kwick Mart Deli, and Kwick Mart Deli which was for summary judgment dismissing the complaint insofar as asserted against them and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff allegedly fell over a single-step riser while entering a delicatessen (hereinafter deli) owned by the defendant Anesi Realty Corp. (hereinafter Anesi) and leased by the defendants Jeffrey Horton, doing business as Kwick Mart Deli, and Kwick Mart Deli (hereinafter Kwick). The single-step riser was about 42 inches away from the glass double-door entry. The plaintiff alleged that it was dark by the entrance and that she did not see the single-step riser before she fell. She did not recall whether there were any overhead lights by the entrance.

After she fell, the plaintiff waited inside the deli for her sister-in-law to arrive. As she waited, she saw a woman stumble over the same step. When the plaintiff's sister-in-law arrived at the deli, she too stumbled over the same step. Anesi and Kwick submitted evidence to the effect that there were fluorescent lights on the ceiling above the single-step riser. However, no testimony was provided as to whether the lights had been turned on or whether they were working on the day of the accident.

Kwick failed to meet its initial burden of establishing its prima facie entitlement to judgment as a matter of law as a triable issue of fact exists as to whether the area by the single-step riser was lit and whether the single-step riser was open and obvious (*see Miner v Northport Yacht Club,* 15 AD3d 362 [2005]; *Scher v Stropoli,* 7 AD3d 777 [2004]). Accordingly, the Supreme Court should have denied that branch of its motion which was for summary judgment dismissing the complaint insofar as asserted against it.

Anesi, the out-of-possession landlord, on the other hand, submitted evidence sufficient to establish its entitlement to judgment as a matter of law (*see generally Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]; *Kramer v Ash Clothing,* 213 AD2d 600 [1995]). In opposition to the motion, the plaintiff failed to

submit evidence sufficient to raise a triable issue of fact (*see Prisco v Long Is. Univ.*, 258 AD2d 451 [1999]; *Lester v Waterman*, 242 AD2d 683 [1997]).

In light of our determination, we need not reach the parties' remaining contentions. Miller, J.P., Luciano and Covello, JJ., concur.

Lifson, J. (dissenting and voting to affirm the order insofar as appealed from, with the following memorandum). On Sunday, April 29, 2001, at about noon, the plaintiff parked directly in front of the subject deli and entered it. The deli had a double glass front door. Someone else opened the door for her and she stepped inside. It was a bright, sunny day and the plaintiff claims that her eyes had to adjust to the interior lighting condition. She did not wait for her eyes to adjust. Instead, she entered the deli and tripped and fell, sustaining the injuries for which damages are now sought.

Photographs admitted into evidence showed that fluorescent lights were located above the step. The right door swung outward. The single-step riser was within five feet of the entrance door. The area between the entrance door and the step had a slight incline. There was faded yellow paint and a metal plate at the top of the step.

Before it leased the premises to the defendant Jeffrey Horton, doing business as Kwick Mart Deli (hereinafter Horton), in 1986, the defendant Anesi Realty Corp. (hereinafter Anesi), an out-of-possession landlord, painted the top of the step with yellow paint. Before the accident, Horton made modifications to the overhead lights in that he placed a cover for the fluorescent lights. Prior to the accident, Horton was not aware of anyone ever falling inside the entrance way. He never received any complaints concerning the need to change the structure of the step. The lease prohibited structural repair by the tenant without the landlord's consent. It also provided that the tenant would indemnify the landlord for any liability for injuries resulting from the use of the premises.

In his motion for summary judgment, Horton submitted an affidavit from his expert engineer, Brindley. Brindley stated that the single-step riser, which was about seven inches high, was not defective and did not violate New York State Building Construction Code. The step, which was 42 inches from the double door, was well marked in that the top of the step was painted yellow and was constructed with non-slip corrugated metal. The full glass panes in the double door entry, which were 36 inches wide, allowed natural light to fall on the hall platform inside the doors.

In opposing the respective motions for summary judgment by Anesi and Horton, the plaintiff argued that the single-step riser was hazardous and that Horton had notice of the same. The plaintiff also argued that Anesi was negligent in failing to remove the single-step riser when it first made renovations in 1980. The plaintiff submitted the affidavit of her expert architect who asserted that single-step risers are inherently dangerous and that at least three steps should be employed for changes in elevation or ramps. If a single-step riser is used, the inherent danger must be minimized by employment of handrails or warning cues such as warning signs, special lighting, color, or tactile cues. The architect stated that such minimizing features were deficient herein.

The Supreme Court, inter alia, granted the branches of the defendants' respective motions which were for summary judgment dismissing the complaint. This appeal ensued.

Contrary to the majority view, I believe that the order must be affirmed as to all of the defendants. There is no binding case law in this jurisdiction that has held that a single step that is legal when constructed is inherently a dangerous instrumentality imposing inferentially a duty on the landlord or a tenant to remove it. On the contrary, we recently held that conclusory allegations such as the one offered by the plaintiff's experts about the inherently dangerous nature of single-step risers have been determined insufficient to defeat a defendant's motion for summary judgment (*see Pirie v Krasinski,* 18 AD3d 848 [2005]). Absent other indicia of negligence, a single-step riser legally constructed is not an inherently dangerous instrumentality (*see, Murray v Dockside 500 Marina, Inc.,* 32 AD3d 832 [2d Dept 2006]). I fail to see a significant distinction between this case and such recent holdings of this Court.

Moreover, on the facts presented by the moving and opposing papers, I fail to discern a bona fide issue of fact as to whether a duty existed with respect to Anesi or Horton, the breach of which might impose liability on either party. In those cases where we have not summarily dismissed complaints seeking to impose liability upon a party for the negligent maintenance of a single-step riser, significant other factors were present upon which a reasonable person could find that a duty was imposed on the tenant in possession. For example, in *Miner v Northport Yacht Club* (15 AD3d 362 [2005]) and *Scher v Stropoli* (7 AD3d 777 [2004]), the accidents occurred at night and the plaintiff was injured while entering a dimly lit facility. Other courts have analyzed whether there were discernible differentiations as to color, texture, absence of handrails, or any other circumstance

that may serve as a warning mechanism which the plaintiff's own experts acknowledge are sufficient cues which would minimize if not negate any potential danger posed by the single-step riser (*see Guldy v Pyramid Corp.*, 222 AD2d 815 [1995]).

In the present case, the stair in question was more than three feet from the door, and had sufficient warning cues as to color and texture. The ambient outdoor lighting and the overhead lighting posed no condition which could not be readily discerned by the normal use of one's senses. Therefore, the circumstances here as a matter of law require that summary judgment be awarded in favor of the defendants (*see Behar v All Seasons Motor Lodge*, 6 AD3d 639 [2004]; *Wint v Fulton St. Art Gallery*, 263 AD2d 541 [1999]). Accordingly, I respectfully dissent.