■ ANATOLY GOLDENFELD, Respondent, v EURO COMFORT FURNITURE, INC., Appellant, et al., Defendant. [852 NYS2d 254]—

In an action to recover damages for personal injuries, the defendant Euro Comfort Furniture, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Kramer, J.), dated January 26, 2007, as denied that branch of its motion which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

In a premises liability case, a defendant moving for summary judgment has the initial burden of establishing that it did not create the defective condition or have actual or constructive notice of its existence for a sufficient length of time to discover

and remedy it (*see Solomon v Loszynski*, 21 AD3d 366, 366-367 [2005]; *McKeon v Town of Oyster Bay*, 292 AD2d 574, 575 [2002]; *Abrams v Powerhouse Gym Merrick*, 284 AD2d 487 [2001]). Only after the defendant has satisfied this threshold burden will the court examine the sufficiency of the plaintiff's opposition (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Sheehan v J.J. Stevens & Co., Inc.*, 39 AD3d 622, 622-623 [2007]; *Joachim v 1824 Church Ave., Inc.*, 12 AD3d 409, 410 [2004]). Here, the defendant Euro Comfort Furniture, Inc. (hereinafter Euro), failed to submit evidence sufficient to establish, prima facie, that the area by the accident site was adequately lit (*see Kempter v Horton*, 33 AD3d 868, 869 [2006]; *Miner v Northport Yacht Club*, 15 AD3d 362 [2005]), and was otherwise in a safe condition on the day of the accident. Since Euro failed to meet its initial burden of establishing that it did not create a defective condition, we need not review the sufficiency of the plaintiff's opposition. Skelos, J.P., Fisher, Dillon and McCarthy, JJ., concur.