■ CARMELA ROROS et al., Appellants, v COLLEEN OLIVA et al., Respondents. [863 NYS2d 465]—

In an action to recover damages for personal injuries, etc., the

plaintiffs appeal from an order of the Supreme Court, Suffolk County (Baisley, J.), dated February 26, 2007, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.

In December 2004 the plaintiff Carmela Roros (hereinafter the plaintiff), was injured when, upon a visit to the defendants' house for the first time, she fell on a step separating the foyer from the great room. The floor of the foyer and the great room, as well as the nosing of the step, consisted of the same wood material, and the plaintiff claimed that she did not notice the existence of the step prior to the accident. At her deposition, the plaintiff stated that, prior to the accident, no one warned her that there was a step down into the great room. The plaintiff further stated that, after she fell, the defendants informed her that two other people had previously fallen in this same area.

The defendants moved for summary judgment dismissing the complaint, contending that the single step was open and obvious and not inherently dangerous. The plaintiffs opposed the motion, arguing, inter alia, that the identical flooring material created an illusion that the foyer and the great room were on the same plane. The plaintiffs also submitted, inter alia, photographs of the accident area and an affidavit from an engineer, who opined that the step created a hazardous condition. The Supreme Court granted the defendants' motion. We reverse.

A landowner "must act as a reasonable [person] in maintaining his [or her] property in a reasonably safe condition in view of all the circumstances, including the likelihood of injury to others, the seriousness of the injury and the burden of avoiding the risk" (*Peralta v Henriquez,* 100 NY2d 139, 144 [2003], quoting *Basso v Miller,* 40 NY2d 233, 241 [1976]). "The scope of a landowner's duty to maintain property in a reasonably safe condition may also include the duty to warn of a dangerous condition. However, a landowner has no duty to warn of an open and obvious danger" (*Cupo v Karfunkel,* 1 AD3d 48, 51 [2003]). Nevertheless, a duty to warn will arise where the "hazard is latent" (*id.* at 51; *see Tagle v Jakob,* 97 NY2d 165, 169-170 [2001]).

The defendants established their entitlement to judgment as a matter of law. In opposition, however, the plaintiffs submitted evidence sufficient to raise a triable issue of fact as to whether the single step riser was an open and obvious condition (*see*

*Kempter v Horton,* 33 AD3d 868, 869 [2006]). In particular, there is an issue regarding whether, under the circumstances, a person who was unfamiliar with the premises could reasonably perceive the existence of a change in elevation between the foyer and the great room and/or whether the subject area created "optical confusion" (*Chafoulias v 240 E. 55th St. Tenants Corp.,* 141 AD2d 207, 211 [1988]; *see Scher v Stropoli,* 7 AD3d 777 [2004]). Accordingly, the Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint.

In light of our determination, we need not consider the plaintiffs' remaining contentions. Fisher, J.P., Santucci, Balkin and Belen, JJ., concur. [*See* 2007 NY Slip Op 30117(U).]