◼ DAVID SCHWARTZ, Appellant, v MOSHE REISMAN, Respondent. [22 NYS3d 879]—In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Bayne, J.), dated February 18, 2015, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.

The plaintiff commenced this action to recover damages for injuries he contends he sustained when he fell down steps outside the defendant's home. He alleged that the steps were defective, inter alia, because of the difference in riser height between the first step and the other steps, and the absence of a handrail. The defendant moved for summary judgment dismissing the complaint, and the Supreme Court granted the motion.

The defendant failed to show, prima facie, that the steps and lack of handrail did not constitute a dangerous condition (*see*

*Doughim v M & US Prop., Inc.*, 120 AD3d 466 [2014]; *Swerdlow v WSK Props. Corp.*, 5 AD3d 587, 588 [2004]), or that the conditions alleged were open and obvious, and not inherently dangerous as a matter of law (*see Barone v Risi*, 128 AD3d 874 [2015]; *Varon v New York City Dept. of Educ.*, 123 AD3d 810 [2014]). Furthermore, contrary to the defendant's assertions on appeal, he failed to demonstrate that he did not have constructive notice of the alleged dangerous conditions prior to the subject accident (*see DeSalvio v Suffolk County Water Auth.*, 127 AD3d 804 [2015]; *Alayev v Juster Assoc., LLC*, 122 AD3d 886 [2014]; *Guzman v CSC Holdings, Inc.*, 85 AD3d 1113 [2011]), or that he did not create the conditions. Since the defendant failed to demonstrate his prima facie entitlement to judgment as a matter of law, the Supreme Court should have denied his motion, without regard to the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Mastro, J.P., Rivera, Leventhal and Duffy, JJ., concur.