■ CINDY A. RIGATTI, Respondent, v DONNA M. GEBA, Appellant. [30 NYS3d 898]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Orange County (Slobod, J.), dated April 30, 2015, which denied her motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff commenced this action to recover damages for injuries she allegedly sustained when she fell down a stairway leading to the basement in her apartment building. She alleged that the stairs were defective because they were too steep and too narrow, and the stairway lacked a proper handrail. The plaintiff testified at her deposition that her feet did not fit on the treads of the stairs such that she had to turn her feet sideways when descending. On the day of her accident, the plaintiff did not turn her feet sideways and her sneaker hung over the edge of the stairs. When she started to fall, she reached for the handrail, but could not grasp it because it was "squished against the wall." The defendant moved for summary judgment dismissing the complaint, arguing that the condition of the stairs was open and obvious and not inherently dangerous as a matter of law. The Supreme Court denied the motion.

"A landowner must act as a reasonable [person] in maintaining his [or her] property in a reasonably safe condition in view of all the circumstances, including the likelihood of injury to others, the seriousness of the injury, and the burden of avoiding the risk" (*Basso v Miller*, 40 NY2d 233, 241 [1976] [internal quotation marks omitted]), and must warn of any dangerous or defective condition of which he or she has actual or constructive notice (*see Gordon v American Museum of Natural History*, 67 NY2d 836 [1986]). However, "[a] property owner has no duty to protect or warn against an open and obvious condition, which as a matter of law is not inherently dangerous" (*Fishelson v Kramer Props., LLC*, 133 AD3d 706, 707 [2015] [internal quotation marks omitted]).

Here, the defendant, who relied only on the plaintiff's deposition testimony in support of her motion, failed to establish, prima facie, that the dimensions of the stairs and the position of the handrail were not inherently dangerous as a matter of law (*see Schwartz v Reisman*, 135 AD3d 739, 739-740 [2016]; *Jackson v Fenton*, 38 AD3d 495, 496 [2007]; *Swerdlow v WSK*

*Props. Corp.*, 5 AD3d 587, 588 [2004]). Accordingly, the Supreme Court properly denied the defendant's motion for summary judgment dismissing the complaint, without regard to the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Dillon, J.P., Sgroi, Miller and Barros, JJ., concur.