■ Marlene Ross and Jack A. Ebner, as Executors of Elfi Ebner, Deceased, et al., Appellants, v Bretton Woods Home Owners Association, Inc., Respondent. [55 NYS3d 417]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from (1) an order of the Supreme Court, Suffolk County (Asher, J.), dated April 30, 2014, which granted the defendant's motion for summary judgment dismissing the complaint, and denied, as academic, their motion for a preference pursuant to CPLR 3403 (a) (4), and (2) a judgment of the same court entered August 12, 2014, which, upon the order, is in favor of the defendant and against them dismissing the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, with one bill of costs, the defendant's motion for summary judgment dismissing the complaint is denied, and the order is modified accordingly.

The appeal from the order must be dismissed because the *right of direct* appeal therefrom terminated upon the entry of the judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

Elfi Ebner (hereinafter Ebner) contended that she fell when she stepped down a single-step riser on a walkway located in a condominium complex maintained by the defendant. Thereafter, Ebner, and her husband suing derivatively, commenced this action against the defendant to recover damages for personal injuries. They moved for a trial preference based on Ebner's age, and the defendant moved for summary judgment dismissing the complaint. The Supreme Court granted the defendant's motion and denied, as academic, the motion for a preference. In the interim, Ebner died, and the executors of her estate were substituted for her.

To demonstrate entitlement to summary judgment in a trip-and-fall case, the defendant must establish that it maintained the premises in a reasonably safe condition and that it did not create a dangerous or defective condition on the property or have either actual or constructive notice of a dangerous or defective condition for a sufficient length of time to remedy it (*see Baron v 305-323 E. Shore Rd. Corp.*, 121 AD3d 826, 827 [2014]; *Villano v Strathmore Terrace Homeowners Assn., Inc.*, 76 AD3d 1061 [2010]). Moreover, while a landowner has a duty to maintain its premises in a reasonably safe manner (*see Basso v Miller*, 40 NY2d 233, 241 [1976]), there is no duty to protect or warn against an open and obvious condition which, as a matter of law, is not inherently dangerous (*see Lazic v Trump Vil. Section 3, Inc.*, 134 AD3d 776 [2015]; *Weiss v Half Hollow Hills Cent. School Dist.*, 70 AD3d 932, 933 [2010]).

Here, in support of its motion for summary judgment, the defendant submitted, among other things, Ebner's deposition testimony, deposition testimony of certain of the defendant's employees, and an expert affidavit. Contrary to the defendant's contention, Ebner identified the cause of her fall as her inability to see the single step on the walkway she was traversing (*see Hadgraft v Morin*, 94 AD3d 701 [2012]). The defendant's submissions failed to eliminate triable issues of fact as to whether the step constituted a dangerous condition or whether the subject step was open and obvious, and not inherently dangerous as a matter of law (*see id.*; *Katz v Westchester County Healthcare Corp.*, 82 AD3d 712, 713 [2011]; *Gubitosi v Pulte Homes of N.Y., LLC*, 81 AD3d 690, 691 [2011]; *Roros v Oliva,*

54 AD3d 398, 399-400 [2008]; *Kempter v Horton*, 33 AD3d 868, 869 [2006]; *Scher v Stropoli*, 7 AD3d 777 [2004]; *see generally Schwartz v Reisman*, 135 AD3d 739, 740 [2016]). The affidavit of the defendant's expert failed to establish, as a matter of law, that a handrail that the defendant contends was adjacent to the walkway on the date of the subject accident provided a sufficient visual cue to alert pedestrians to the presence of the step. Furthermore, contrary to the defendant's assertion, it failed to demonstrate that it did not have constructive notice of the dangerous condition prior to the subject accident (*see Schwartz v Reisman*, 135 AD3d at 740; *DeSalvio v Suffolk County Water Auth.*, 127 AD3d 804, 806 [2015]; *Alayev v Juster Assoc., LLC*, 122 AD3d 886, 887 [2014]). Accordingly, the defendant failed to establish its prima facie entitlement to judgment as a matter of law, and there is no need to examine the sufficiency of the opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

Ebner's death during the pendency of the appeal has rendered academic the remaining contention concerning the motion for a trial preference based on age. Dillon, J.P., Cohen, Maltese and Duffy, JJ., concur.