In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Walker, J.), dated July 15, 2016, which denied their motion for summary judgment dismissing the complaint.
 

 Ordered that the order is affirmed, with costs.
 

 The plaintiff allegedly fell as she was walking down an exterior staircase located on the defendants’ property. Thereafter, the plaintiff commenced this personal injury action against the defendants, alleging that the staircase was defective, among other things, because the first step down from the landing was shorter in height than the remaining steps. She also alleged that at the time of the accident, the short step was difficult to see and caused her to take a misstep and fall. The defendants moved for summary judgment dismissing the complaint, and the Supreme Court denied the motion.
 

 The owner of property has a duty to maintain the property “in a reasonably safe condition in view of all the circumstances, including the likelihood of injury to others, the seriousness of the injury, and the burden of avoiding the risk” (Basso v Miller, 40 NY2d 233, 241 [1976]; Lee v Acevedo, 152 AD3d 577, 578 [2017]). “[An] owner, however, has no duty to protect against an open and obvious condition provided that, as a matter of law, the condition is not inherently dangerous” (Salomon v Prainito, 52 AD3d 803, 805 [2008]; see Cupo v Karfunkel, 1 AD3d 48, 52 [2003]). “The issue of whether a dangerous condition is open and obvious is fact-specific, and usually a question for a jury” (Gordon v Pitney Bowes Mgt. Servs., Inc., 94 AD3d 813, 814 [2012]; see Villano v Strathmore Terrace Homeowners Assn., Inc., 76 AD3d 1061, 1062 [2010]).
 

 Here, the defendants failed to establish, prima facie, that they satisfied their common-law duty to maintain their premises in a reasonably safe condition and that the alleged difference in height of the first step down from the landing was open and obvious and not inherently dangerous (see generally Schwartz v Reisman, 135 AD3d 739, 740 [2016]; Stoppeli v Yacenda, 78 AD3d 815 [2010]; Shah v Mercy Med. Ctr., 71 AD3d 1120 [2010]; Swerdlow v WSK Props. Corp., 5 AD3d 587 [2004]). Since the defendants failed to demonstrate their prima facie entitlement to judgment as a matter of law, the Supreme Court properly denied their motion without regard to the sufficiency of the plaintiff’s opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]).
 

 Mastro, J.P., Chambers, LaSalle and Brathwaite Nelson, JJ., concur.