Tavarez v Pistilli Assoc. III, LLC (2018 NY Slip Op 03727)





Tavarez v Pistilli Assoc. III, LLC


2018 NY Slip Op 03727


Decided on May 23, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 23, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
RUTH C. BALKIN
JEFFREY A. COHEN
COLLEEN D. DUFFY, JJ.


2016-12879
 (Index No. 4048/14)

[*1]Maria Tavarez, respondent, 
v
Pistilli Associates III, LLC, appellant.


Rafter & Associates PLLC, New York, NY (Howard K. Fishman of counsel), for appellant.
Pavlounis & Sfouggatakis, LLP, Brooklyn, NY (Andrew G. Sfouggatakis of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Queens County (Janice A. Taylor, J.), dated October 21, 2016. The order denied the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
On September 24, 2013, the plaintiff allegedly was injured when she fell while descending an interior staircase in an apartment building owned by the defendant. She subsequently commenced this personal injury action against the defendant, contending that she fell as a result of a defect on one of the steps in the staircase. The defendant moved for summary judgment dismissing the complaint, contending that the stairs used by the plaintiff were not in a defective condition. The Supreme Court denied the motion, and the defendant appeals.
A landowner has a duty to maintain his or her premises in a reasonably safe manner (see Basso v Miller, 40 NY2d 233). "In order for a landowner to be liable in tort to a plaintiff who is injured as a result of an allegedly defective condition upon property, it must be established that a defective condition existed and that the landowner affirmatively created the condition or had actual or constructive notice of its existence" (Lezama v 34-15 Parsons Blvd, LLC, 16 AD3d 560, 560; see Friedman v 1753 Realty Co., 117 AD3d 781, 783).
Here, in support of its motion for summary judgment, the defendant submitted the deposition testimony of the plaintiff, who stated that as she was walking downstairs from the second floor of the building, she fell after placing her foot on a step with a broken edge, and that after she fell, she looked back and observed the broken condition of the step. The deposition testimony of the plaintiff's daughter also was submitted in support of the motion. The plaintiff's daughter stated that shortly after the accident, she went to the building and took photographs of the steps from the second floor down, retracing the plaintiff's route. The plaintiff identified a broken step in one of the photographs as the spot where she fell. Additionally, the defendant submitted an affidavit, with [*2]supporting photographs, from its building superintendent, who stated that he had inspected the stairs and had discovered only one defect, which appeared in the portion of the staircase between the second and third floors, above the area descended by the plaintiff. He claimed that the photo of the defective step which the plaintiff identified as the cause of her fall actually depicted a step between the second and third floors, and thus, could not have been the step upon which the plaintiff fell.
In moving for summary judgment, the defendant was obligated to come forward with evidence establishing its prima facie entitlement to judgment as a matter of law by eliminating all material issues of fact as to its potential liability (see Alvarez v Prospect Hosp., 68 NY2d 320, 324). However, in view of the conflicting accounts submitted by the defendant as to the location of the defect which allegedly caused the plaintiff's fall, the defendant failed to sustain its prima facie burden on the motion. Accordingly, denial of the motion was required, without regard to the adequacy of the plaintiff's submissions in opposition (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853; Santopetro v Parish, 155 AD3d 1080, 1081).
The defendant's remaining contention is without merit.
MASTRO, J.P., BALKIN, COHEN and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court