Mongelli v Emart Dept. Stores, Inc. (2019 NY Slip Op 05655)





Mongelli v Emart Dept. Stores, Inc.


2019 NY Slip Op 05655


Decided on July 17, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 17, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON, JJ.


2018-06851
 (Index No. 700014/15)

[*1]Michelina Mongelli, appellant, 
v
Emart Department Stores, Inc., et al., respondents.


Dell & Dean, PLLC (Mischel & Horn, P.C., New York, NY [Scott T. Horn and Christen Giannaros], of counsel), for appellant.
Miller Leiby & Associates, P.C., New York, NY (Jeffrey R. Miller and Martin M. Adler of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Salvatore J. Modica, J.), entered April 13, 2018. The order granted the defendants' motion for summary judgment dismissing the complaint and denied the plaintiff's cross motion for leave to amend the bill of particulars.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting the defendants' motion for summary judgment dismissing the complaint, and substituting therefor a provision denying that motion; as so modified, the order is affirmed, with costs to the plaintiff.
On July 26, 2013, at about 1:30 p.m., the plaintiff allegedly fell from a single step inside a premises owned by the defendant EVS Realty, LLC, and leased to the defendant EMart Department Store, Inc., in Queens. The plaintiff subsequently commenced this action to recover damages for personal injuries against the defendants. The defendants moved for summary judgment dismissing the complaint, and the plaintiff cross-moved for leave to amend the bill of particulars to allege violations of certain building code provisions. The Supreme Court granted the defendants' motion and denied the plaintiff's cross motion. The plaintiff appeals.
A property owner has a duty to maintain his or her property in a reasonably safe condition (see Basso v Miller, 40 NY2d 233, 241). However, a property owner has no duty to protect or warn against a condition that is both open and obvious and, as a matter of law, is not inherently dangerous (see Katz v Westchester County Healthcare Corp., 82 AD3d 712, 713; Cupo v Karfunkel, 1 AD3d 48, 50-53). Here, the evidence submitted in support of the defendants' motion failed to eliminate all triable issues of fact as to whether the step was open and obvious and not inherently dangerous as a matter of law (see Ross v Bretton Woods Home Owners Assn., Inc., 151 AD3d 774, 775; Matheis v Hunt Country Funiture, Inc., 140 AD3d 713, 713-714; Roros v Oliva, 54 AD3d 398, 399-400). In particular, the deposition testimony of the plaintiff and photographs of the accident site, which the defendants submitted in support of their motion, presented issues of fact as to whether the thin metallic strip at the edge of the step provided a sufficient visual cue that there was a change in elevation between the step and the floor below (see Roros v Oliva, 54 AD3d at 400). Since the defendants failed to meet their initial burden as the movants, the Supreme Court should [*2]have denied their motion without regard to the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The plaintiff cross-moved for leave to amend the bill of particulars to allege a new theory of liability based upon the alleged violation of certain building code provisions. The proposed amendment was patently devoid of merit (see CPLR 3025[b]), and, accordingly, the Supreme Court providently exercised its discretion in denying the plaintiff's cross motion.
The defendants' remaining contentions are without merit.
BALKIN, J.P., HINDS-RADIX, MALTESE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court